(April 25, 1907.)

## WINNIE H. WILES et al., Respondents, v. NORTHERN STAR MINING COMPANY et al., Appellants.

[89 Pac. 1053.]

INJUNCTION PENDENTE LITE—APPLICATION FOR—ON AFFIDAVIT OF ATTORNEY—FACTS STATED ON INFORMATION AND BELIEF—SOURCE OF INFORMATION.

1. *Held*, that the facts stated in the affidavit for an injunction in this case are insufficient to warrant the granting of a writ *pendente lite*.

2. If the affidavit for an injunction is made by the attorney, good and sufficient reasons should be set forth in the affidavit why he makes it; or it must be shown that he has personal knowledge of the facts set forth therein.

3. If made on information and belief, the affidavit should show why the person who personally knows the facts does not make the affidavit.

4. Under the provisions of section 4291, Revised Statutes, the court or judge granting an injunction must require a written undertaking as provided by said section. That provision of said section is mandatory and the writ issued was without force or effect.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Idaho County. Hon. Edgar C. Steele, Judge.

Action to set aside and restrain the collection of a judgment at law and for a temporary injunction. Temporary injunction granted and motion to dissolve overruled. *Reversed.*

F. E. Fogg, for Appellants.

In the case at bar the application for injunction was made upon the affidavit alone. The affidavit adds nothing to the complaint. It is simply a statement upon information and belief by one of the attorneys for the plaintiffs—that he believed the complaint to be true.

A statement in the nature of a conclusion, which does not show any of the facts or circumstances upon which it rests, is

insufficient to sustain an application for an injunction. (*How-ard v. Eddy*, 56 Kan. 498, 43 Pac. 1133, 1134; *Olmstead v. Koester*, 14 Kan. 463.)

"Neither is it sufficient that the affiant swear that the allegations of a bill which render an injunction necessary are true, since such verification is open to the same objection of uncertainty; and verification by plaintiff's attorney which fails to show that he knows any of the facts alleged of his own knowledge will not suffice." (2 High on Injunctions, 2d ed., sec. 1569.)

"That the allegations are sworn to upon information and belief is sufficient ground for dissolving an injunction." (*Lee v. Clark*, 49 Ga. 81.)

The requirement of an undertaking before issuance of an injunction under our statute is mandatory and jurisdictional. (*McCracken v. Harris*, 54 Cal. 81; *Price v. Grice*, 10 Idaho, 443, 79 Pac. 387.)

"Where the amount in which bond should be given has not been fixed by the judge, the injunction must be dissolved, and cannot be saved by invocation of the doctrine that an injunction will not be dissolved where it appears that another writ could be sued out immediately." (*Speyer v. Miller*, 108 La. 204, 32 South. 524, 61 L. R. A. 781.)

W. N. Scales and H. Taylor, for Respondents.

The section of the California statute, which is identical with the section 4289 of the Revised Statutes of Idaho, has been construed by the California court.

"Whether the injunction was granted before or after the issuing of summons does not appear on the record, but waiving this, it is sufficient answer to the objection to say that the amended complaint was itself an affidavit, and there is no reason that it should not have been used as such." (Citing a long list of authorities; *Smith v. Stearns Rancho Co.*, 129 Cal. 58, 61 Pac. 662; *Atchison v. Bartholomew*, 4 Kan. 124.)

In the case at bar the complaint is composed of direct allegations verified by one of the plaintiffs. The affidavit of W. N. Scales incorporates the whole complaint by attaching

a true copy thereof, and by reference. This brings all the allegations of the complaint directly before the judge, not merely as the affidavit of W. N. Scales, but as the sworn statement of the plaintiff, William H. Davie. (22 Ency. of Law & Pr. 943; *Fowler v. Burns,* 7 Bosw. (N. Y.) 637; *Roome v. Webb,* 3 How. Pr. (N. Y.) 327.)

The appellate court will not disturb the action of the trial court on an application to dissolve a preliminary injunction, unless there has been a clear abuse of discretion. (2 High on Injunctions, sec. 1696; *Payne v. McKinley,* 54 Cal. 532; *White v. Nunan,* 60 Cal. 406; *Walsh & Idaho Ry. Co. v. Coeur d'Alene Ry. & Nav. Co.,* 2 Idaho, 439, 17 Pac. 142; 22 Ency. of Law & Pr. 982; *Price v. Grice,* 10 Idaho, 443, 79 Pac. 387.)

Where it is apparent that the complainant, in case his injunction is dissolved, would immediately be entitled to the same remedy upon a new application, the motion to dissolve should be denied. (22 Ency. of Law & Pr. 978.)

SULLIVAN, J.—This appeal is from an order denying defendants' motion for the dissolution of a preliminary injunction. The complaint was filed on the ninth day of January, 1906. On the 11th of the following April a summons was issued. On the twentieth day of April, upon the affidavit of W. N. Scales, Esq., an *ex parte* application was made for an injunction restraining the sheriff of Idaho county from issuing or delivering a sheriff's deed on a certificate of sale upon execution issued out of said court. in a case in favor of H. S. Rominger, as trustee against the Northern Star Mining Company. A temporary injunction was granted upon said application and on said affidavit. On the twenty-fifth day of April an undertaking in the sum of $300 was filed in said injunction matter. The amount of said undertaking had not been required, fixed or specified by the judge or court. Said writ was upon that day served upon the sheriff. On the second day of March, 1907, the defendants in open court filed a notice of motion to dissolve said injunction. That motion was based upon said affidavit, or-

der and undertaking. The summons had not been served in said action. Voluntary appearance was entered by all of the defendants except Plummer on September 22, 1906, and Plummer voluntarily appeared on the said motion to dissolve said injunction. No answer or affidavits were filed by said defendants. The motion for dissolution was based entirely upon the insufficiency of the plaintiff's showing in support of their application for the injunction and upon the defects and irregularities in the proceedings upon which the injunction was predicated.

On March 4, 1907, said motion came on regularly to be heard in open court, and was argued by respective counsel and submitted, and on the seventh day of that month the court overruled said motion and refused to dissolve said injunction. This appeal is from the order denying said motion.

The main errors assigned are that the affidavit upon which the preliminary injunction was issued is insufficient, in that it is made upon information and belief, and that the affidavit shows that the affiant had no personal knowledge of the facts stated therein, and that the court or judge failed to fix the amount of or require an undertaking as provided by section 4291 of the Revised Statutes.

The affidavit was made by one of the attorneys for the plaintiffs, and is as follows:

"W. N. Scales, being duly sworn, says that he is one of the attorneys for the plaintiffs in the above-entitled action.

"That from a statement of the case made to him he verily believes the plaintiffs have a good cause of action, and the verified complaint on file, a copy of which is hereto attached and made a part of this affidavit, is true.

"That the judgment in the above-entitled action mentioned, obtained against the defendant, the Northern Star Mining Company, show by the records to have been obtained as set out in said complaint in said above-entitled action; that the exhibits are true copies of the documents they purport to be, as set out in said complaint; that an injunction

is necessary, pending the decision in the above-entitled action, to protect the rights of the plaintiffs.

"W. N. SCALES."

The affiant swears that from a statement of the case made to him, he verily believes that plaintiffs have a good cause of action. He does not even state by whom such statements were made; he does not show any reason whatever why the affidavit was not made by one of the plaintiffs. The affidavit is clearly insufficient. We do not mean to hold that an injunction may not be issued upon an affidavit sworn to upon information and belief if the source of the information is set forth and it is shown why the person knowing the facts cannot be procured to make the affidavit. Under the provisions of section 4199, when the pleading is verified by the attorney or any other person except one of the parties, he must set forth in the affidavit the reason why it is not made by one of the parties. So we think when an affidavit is made for the purpose of procuring an injunction, the one who knows the facts should make the affidavit if he can be procured to do so, and if he cannot and the affidavit is made by the attorney, the reasons why he makes the affidavit should be fully set forth and the affidavit should show why the party who personally knows the facts does not make the affidavit. The affidavit in this case is not sufficient to warrant the granting of an injunction.

The second question presented is as to the failure of the judge to require a written undertaking on the part of the plaintiff. Section 4291, Revised Statutes, provides: "On granting an injunction the court or judge must require . . . . a written undertaking on the part of the plaintiff with sufficient sureties," etc. But it is contended by the respondent that the order was drawn fixing the bond in the sum of $300, and that when the judge signed the order, he made some interlineations and inadvertently erased the amount of the bond. A certified copy of the bond is before us and shows certain erasures. We also have the certificate of the judge in regard to this question being raised on the motion to dissolve the injunction, but he nowhere certifies that he inadvertently

erased that part of the order fixing the amount of the bond. The provisions of said section 4291 are mandatory, and this court has held in *Price v. Grice,* 10 Idaho, 433, 79 Pac. 387, that it was error to grant a temporary injunction without requiring a proper undertaking.

For the reasons above given, the decision of the court denying appellants' motion to dissolve the injunction must be reversed, and it is so ordered, and the cause is remanded with instructions to grant said motion. Costs of this appeal are awarded to the appellants.

Ailshie, C. J., concurs.