#### (January 19, 1917.)

D. C. MacWATTERS, Plaintiff, v. C. O. STOCKSLAGER, Judge of the District Court of the Fourth Judicial District of the State of Idaho, Defendant.

[162 Pac. 671.]

INJUNCTION—TEMPORARY RESTRAINING ORDER—CONTEMPT OF COURT.

1. A restraining order issued under authority of sec. 4292, Rev. Codes, is an injunction as defined by sec. 4287, and is void unless an undertaking be exacted of, and given by, the plaintiff as required by sec. 4291.

2. Disobedience of a void order is not punishable as contempt of court.

[As to right to punish violation of injunction after dissolution thereof, see note in Ann. Cas. 1915D, 1010.]

APPLICATION for Writ of Review. Order of defendant adjudging plaintiff guilty of contempt of court and fixing his punishment therefor. *Annulled.*

Richards & Haga and Sweeley & Sweeley, for Plaintiff.

A mandatory injunction cannot be issued under the guise of a restraining order under sec. 4292, Rev. Codes, which is intended only for preserving the *status quo* of the situation until the parties can be heard. (*Ex parte Grimes,* 20 Okl. 446, 94 Pac. 668; 22 Cyc. 745; *San Diego Water Co. v. Pacific Coast Steamship Co.,* 101 Cal. 216, 35 Pac. 651; *Neumann v. Moretti,* 146 Cal. 31, 79 Pac. 512; *State v. Lichtenberg,* 4 Wash. 407, 30 Pac. 716.)

The order of Aug. 6th, issued under sec. 4292, Rev. Codes, being in effect a mandatory injunction and not a restraining order, is absolutely void, and disobedience of it does not constitute contempt of court. (*Weaver v. Toney,* 107 Ky. 419, 54 S. W. 732, 50 L. R. A. 105; *Ryan v. Weiser Valley Land & Water Co.,* 20 Ida. 288, 118 Pac. 769.)

"It is the settled law of this state that no court or judge has power to punish as a contempt the violation or disregard of an unlawful order." (*Ex parte Brown,* 97 Cal. 83, 31 Pac. 840; *Brown v. Moore,* 61 Cal. 432; *Smith v. People,* 2 Colo. App. 99, 108, 29 Pac. 924; *State v. District Court,* 21 Mont. 155, 160, 53 Pac. 272, 69 Am. St. 645.)

Longley & Walters, for Defendant.

"Where a sufficient ground exists, a court of equity has the power to, and will, issue, on a preliminary application, a restraining order, though mandatory in effect and requiring affirmative action." (*Pokegama Sugar-Pine Lumber Co. v. Klamath River Lbr. & Imp. Co.,* 86 Fed. 528; *Ex parte Lennon,* 166 U. S. 548, 17 Sup. Ct. 658, 41 L. ed. 1110; *State of W. Va. ex rel. Powhatan Coal & Coke Co. v. Ritz,* 60 W. Va. 395, 56 S. E. 257, 9 L. R. A., N. S., 1225.)

In *Ryan v. Weiser Valley Land & Water Co.,* 20 Ida. 288, 118 Pac. 769, this court clearly recognized the right to manda-

tory injunction *pendente lite* under the statutes of this state. (*Sproat v. Durland,* 2 Okl. 24, 35 Pac. 682, 886; *White v. Codd,* 39 Wash. 14, 80 Pac. 836; 1 Joyce on Injunctions, sec. 97; *Henderson v. Ogden City Ry. Co.,* 7 Utah, 199, 26 Pac. 286.)   California cases uphold the right of the district courts to grant temporary mandatory orders, such as was granted in this case. (*Gardner v. Stroever,* 81 Cal. 148, 22 Pac. 483, 6 L. R. A. 90; *Hagen v. Beth,* 118 Cal. 330, 50 Pac. 425.)

Injunction may issue before the complaint is filed, and the same becomes operative upon the filing of the complaint. (*Elmore County Irrigated Farms Assn. v. Stockslager,* 22 Ida. 420, 126 Pac. 616.)

MORGAN, J.—The plaintiff in this case was adjudged guilty of contempt of court by the above-named defendant for the violation of an order issued in a case wherein A. E. Caldwell was plaintiff and the Twin Falls-Salmon River Land & Water Company, hereinafter referred to as the company, was defendant, in which a mandatory injunction was sought requiring the company to deliver water from its irrigation system for the irrigation of lands belonging to Caldwell.

The defendant in this case, upon examining the verified complaint and certain affidavits exhibited to him, and being satisfied therefrom that Caldwell was entitled to a certain amount of water contracted to be furnished to him by the company, and that it had arbitrarily and without authority of law shut it off and had neglected and refused, upon proper demand therefor, to furnish it to him, and that unless he immediately received the amount of water to which he was entitled he would suffer great and irreparable injury, ordered that the company appear before him, or one of the judges of the district court of the fourth judicial district, at chambers, in Twin Falls county, on August 15, 1914, and show cause why an injunction should not be granted according to the prayer of the complaint, and it was further ordered that in the meantime the company, its agents, servants and

employees, be and they were directed and enjoined to forthwith turn on the water in the irrigation system and to furnish Caldwell, and the lands described in his complaint, a certain designated amount according to the contract between the parties to the action.

The order was served upon the company on August 7, 1914, by a deputy sheriff of Twin Falls county, by delivering to and leaving with the plaintiff herein, who was its vice-president and general manager, a certified copy thereof, together with a copy of the affidavits above mentioned.

The record discloses that no water was turned into the system, pursuant to the order, prior to August 12th, and that it actually reached Caldwell's land, which is located about twenty-four miles from the headgate, late in the afternoon of August 14, 1914.

On the 14th of August, 1914, the defendant herein issued an order to the company and to the plaintiff, its vice-president and general manager, to appear before him, or one of the judges of the district court, at chambers, in Twin Falls county, on September 3, 1914, and show cause why they should not be adjudged to be in contempt of court for their failure to comply with the terms of the injunctive order and why they should not be punished therefor. The company and plaintiff herein appeared, by counsel, and made answer why they should not be adjudged guilty of and punished for contempt, and, in support thereof, submitted affidavits and oral evidence. In opposition thereto certain affidavits were presented, and, upon consideration of the showing so made, the defendant herein adjudged plaintiff MacWatters guilty of contempt of court, as above stated, and fixed the amount of his fine and the term of his imprisonment in case it was not paid.

This proceeding was commenced to procure a review of the action of the defendant. A writ of review was granted, to which the defendant has made return setting forth the entire proceeding had before him and has asked that the writ be quashed.

The order to show cause, which was intended to also temporarily restrain the company and the plaintiff herein, was issued under authority of sec. 4292, Rev. Codes, which is as follows: "If the court or judge deem it proper that the defendant, or any of several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown at a specified time and place, why the injunction should not be granted; and the defendant may, in the meantime, be restrained."

Sec. 4291, Rev. Codes, among other things, provides: "On granting an injunction, the court or judge must require . . . . a written undertaking on the part of the plaintiff, with sufficient sureties, to the effect that the plaintiff will pay to the party enjoined such costs, damages, and reasonable counsel fees, not exceeding an amount to be specified, as such party may incur or sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto. . . . . "

No undertaking was required of Caldwell and it does not appear that one was given. This circumstance presents the question: Is the restraining order provided for in sec. 4292 an injunction in the sense in which that term is used in sec. 4291, requiring that an undertaking be exacted by the court, or judge, upon granting such relief?

The statutory definition of injunction is to be found in sec. 4287, Rev. Codes, and is: "An injunction is a writ or order requiring a person to refrain from a particular act." The restraining order provided for in sec. 4292 seems to answer that description, for its issuance is authorized in the following language: "And the defendant may, in the meantime, be restrained." It amounts to, and is, a temporary injunction.

In case of *Price v. Grice,* 10 Ida. 443, 79 Pac. 387, this court said:

"It is contended that the restraining order first issued by the judge was inoperative, for the reason that no undertaking was given. That, we think, is correct, as an undertaking

should have been given before the restraining order became operative."

Commenting upon the case above cited, it was said in the case of *Wiles v. Northern-Star Min. Co.*, 13 Ida. 326, 89 Pac. 1053: "The provisions of said sec. 4291 are mandatory, and this court has held, in *Price v. Grice*, . . . . that it was error to grant a temporary injunction without requiring a proper undertaking." (See, also, *McCracken v. Harris*, 54 Cal. 81.)

We conclude that the injunctive provision in the order to show cause amounted to an injunction as defined by sec. 4287, Rev. Codes; that it was void and inoperative by reason of the failure of the district judge to exact, and Caldwell to give, an undertaking as required by sec. 4291; that its violation did not constitute contempt of court, and that the defendant herein was without jurisdiction to adjudge plaintiff guilty and punish him. (*Brown v. Moore*, 61 Cal. 432; *Ex parte Brown*, 97 Cal. 83, 31 Pac. 840; *State v. District Court*, 21 Mont. 155, 69 Am. St. 645, 53 Pac. 272.)

Counsel for plaintiff have urged a number of points other than the one heretofore discussed, but since the foregoing disposes of the case, they will not be considered in this opinion.

The order made by the defendant, as district judge, adjudging the plaintiff guilty of contempt of court and fixing his punishment therefor, is annulled. No costs are awarded.

Budge, C. J., and Rice, J., concur.