(December 18, 1918.)

## SARAH HARKNESS, Appellant, v. WM. A. HYDE, B. A. CUMMINGS, J. WYLEY SESSIONS, GEORGE E. MABEY, LORENZO HARRIS, UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, FIDELITY & DEPOSIT COMPANY, a Corporation, and NATIONAL SURETY COMPANY, a Corporation, Respondents.

[176 Pac. 885.]

JOINT DEMURRER—PROBATE COURTS—JURISDICTION IN CONTEMPT MAT-
TERS — AFFIDAVIT FOR CONTEMPT, WHEN NECESSARY — FALSE IM-
PRISONMENT—WHO LIABLE FOR.

1. A joint demurrer of two or more defendants should be over-
ruled if the complaint states a cause of action against any of them.

2. Probate courts have jurisdiction in matters of contempt, as
provided by the code, but where any alleged contempt is not com-
mitted in the immediate view and presence of the court or judge,
no jurisdiction of the contempt is acquired by the court or judge
until an affidavit has been presented to such court or judge as
required by sec. 5157, Rev. Codes.

3. Where the magistrate who issues a warrant of arrest has no
jurisdiction of the person or subject matter, he is liable in an action
in damages for false imprisonment. Anyone who aids or assists in
procuring a false imprisonment is equally liable in damages with
the one who actually places the person falsely imprisoned under
restraint.

[As to liability of judicial officers for false imprisonment, see
note in Ann. Cas. 1914C, 1166.]

APPEAL from the District Court of the Fifth Judicial
District, for Bannock County. Hon. R. M. Terrell, Judge.

Action for damages. Appeal from a judgment of dismis-
sal. *Reversed.*

C. E. Crowley and A. S. Dickinson, for Appellant.

On demurrer to the complaint all facts well pleaded in the
complaint are admitted. (*Northern Pacific Ry. Co. v. Clear-
water County,* 26 Ida. 455, 144 Pac. 1.)

Where a complaint states any cause of action that will put the defendant on his defense, the demurrer should be overruled. (*Village of Sandpoint v. Doyle,* 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810.)

The judge of any inferior court is liable in damages for any act resulting in injury when acting without jurisdiction. (12 Am. & Eng. Ency. of Law, 2d ed., 760; 6 R. C. L. 520; *Rammage v. Kendall,* 168 Ky. 26, 181 S. W. 631, L. R. A. 1916C, 1295; note to *Broom v. Douglass,* 44 L. R. A., N. S., 167; *Blincoe v. Head,* 103 Ky. 106, 44 S. W. 374; *Maher v. Potter,* 112 N. Y. Supp. 102; *De Courcey v. Cox,* 94 Cal. 665, 30 Pac. 95; *Kossouf v. Knarr,* 206 Pa. St. 146, 55 Atl. 854.)

A sheriff or executive officer is liable in damages for any act done under color of his office, or in executing a void or irregular process. (Note to *Leger v. Warren,* [62 Ohio St. 500, 78 Am. St. 738, 57 N. E. 506], 51 L. R. A. 222; *Lee v. Charmley,* 20 N. D. 570, 129 N. W. 448, 33 L. R. A., N. S., 275.)

Any person who aids or abets an unlawful arrest is liable for a false imprisonment. (*Goodell v. Tower,* 77 Vt. 61, 107 Am. St. 745, 58 Atl. 790; 12 Am. & Eng. Ency. of Law, 751.)

J. H. Peterson, H. A. Baker and Budge & Merrill, for Respondents.

"Punishment for contempt by a judicial officer is not generally a foundation for false imprisonment, however erroneous and malicious it may be, so long as it relates to the matter within his jurisdiction." (*Pickett v. Wallace,* 57 Cal. 555; *Rudd v. Darling,* 64 Vt. 456, 25 Atl. 479; *Tavenner v. Morehead,* 41 W. Va. 116, 23 S. E. 673; *Cooke v. Bangs,* 31 Fed. 640; *Bell v. McKinney,* 63 Miss. 187; *Scott v. Fishblate,* 117 N. C. 265, 23 S. E. 436, 30 L. R. A. 696; *Church v. Pearne,* 75 Conn. 350, 53 Atl. 955.)

"This protection extends to erroneous procedure, to errors in law and to improper construction of a statute." (*Gardner v. Couch,* 137 Mich. 358, 109 Am. St. 684, 100 N. W. 673, 101

N. W. 802; *Booth v. Kurrus,* 55 N. J. L. 370, 26 Atl. 1013; *Kenner v. Morrison,* 12 Hun, 204.)

This protection extends to a probate judge. (*Comstock v. Eagleton,* 11 Okl. 487, 69 Pac. 955; *Bradley v. Fisher,* 13 Wall. 335, 20 L. ed. 646.)

If a court is given power to hear and determine a certain class of cases, certain preliminary requirements must be met and complied with before jurisdiction of the person of the defendant in a criminal case can be had and in each case the determination of that question is for the court. An erroneous decision on that matter does not any more make the judge liable in damages than would an erroneous decision on a question of fact presented during the trial or the wrongful admission or rejection of evidence. (*Broom v. Douglass,* 175 Ala. 268, Ann. Cas. 1914C, 1155, 57 So. 860, 44 L. R. A., N. S., 164; *Craig v. Burnett,* 32 Ala. 728.)

Judges of a court of record, and according to the better but not universal authority judges of the courts of inferior jurisdiction acting excessively, are not liable for corrupt and malicious acts. (19 Cyc. 334.)

"In the later cases a clear tendency has been evident to abolish altogether the discrimination between judges of different rank, and to extend to justices of the peace and other lesser judicial officers immunity from personal responsibility for the correctness of their decisions and acts to the same extent that it is granted to judges of the superior courts." (11 R. C. L. 815; *Waugh v. Dibbens* (Okl.), 160 Pac. 589.)

COWEN, District Judge.—The amended complaint in this action alleges, among other things, that the respondent, Wm. A. Hyde, is and was at all times mentioned therein the probate judge of Bannock county, Idaho, and that the respondent, United States Fidelity & Guaranty Company, was the surety upon his bond and liable as such for his official acts; that the respondent, George E. Mabey, is and was the sheriff of said Bannock county at all times mentioned in the amended complaint, and the respondents, National Surety Company and Fidelity & Deposit Company, were the sureties

upon his bond and liable for his official acts; that the respondent, Lorenzo Harris, is and was at all times mentioned in such amended complaint the deputy sheriff of said county, acting under the said sheriff.

The amended complaint then alleges that in furtherance of a conspiracy alleged and described therein, as existing between the respondents, B. A. Cummings, J. Wyley Sessions and Wm. A. Hyde, appellant was falsely accused with the violation of a certain order of the probate court of Bannock county over which the respondent, Hyde, presided, and that there was issued and caused to be issued by such alleged conspirators a certain warrant of arrest out of the probate court of said county, signed by the said Wm. A. Hyde as probate judge, charging "that the crime of contempt has been committed," by virtue of which warrant the appellant was arrested by respondent, Harris, and brought before said probate judge, where she was adjudged guilty of contempt of court by said probate judge without any proper showing having been made and without being permitted to obtain counsel, nor allowed to make any defense to such charge.

It was also alleged that such warrant of arrest was issued by the probate judge without any jurisdiction whatever, in that no affidavit or complaint of any nature had been or was filed before the said probate judge in said matter by any person prior to the issuance of said warrant, charging that appellant had committed contempt or any other crime or offense, and that no such affidavit or complaint has since been filed up to the time of the filing of the original complaint in the action.

It is further alleged that the appellant was adjudged guilty of contempt by the said probate judge upon the insistence and advice of the respondents, Sessions and Cummings, and in furtherance of the alleged conspiracy and upon being so found guilty she was adjudged to pay a fine of $25, or to be confined in the county jail of Bannock county, in default of such payment, for a period of one day; and that upon her failure to pay such fine the probate judge issued a commitment and placed it in the hands of the said sheriff, ordering

and directing the sheriff to imprison the appellant in the county jail of Bannock county for one day, which order and commitment was carried out by the sheriff and the appellant confined in the county jail of Bannock county until her fine was paid by her attorney for the purpose of relieving her from such imprisonment and the distress caused thereby.

Appellant also alleged that she was caused certain expenses by reason of her alleged unlawful and false imprisonment, and that she suffered humiliation and bodily distress by reason thereof, to her total damage in the sum of $10,085.

A copy of the warrant of arrest, a copy of the judgment and commitment in said contempt proceedings, together with copies of the official bonds of the probate judge and the sheriff, were attached to the amended complaint and made a part thereof, and a proper prayer for relief followed the charging part of the amended complaint, which was duly verified.

The respondent, Wm. A. Hyde, and his surety appeared together in the action and joined in filing a general demurrer to the amended complaint. The other respondents joined in interposing a demurrer on the grounds: First, that the amended complaint does not state facts sufficient to constitute a cause of action against them, or either or any of them; second, that there is a misjoinder of parties defendant; and, third, that two causes of action have been improperly united.

Upon a hearing before the district court upon the demurrers, both demurrers were sustained, and, the appellant refusing to plead further, a judgment of dismissal was entered by the district court, from which judgment this appeal is taken.

The second and third grounds contained in the demurrer of respondents, Cummings, Sessions, Mabey and Harris, and the sureties of the sheriff, will be disregarded, as it is not pointed out in this demurrer wherein there is a misjoinder of parties, nor how two causes of action have been improperly united, and we will proceed to a consideration of the question of whether the amended complaint states facts sufficient to constitute a cause of action against the respondent, Wm. A. Hyde, and, second, whether it states a cause of action against

any one of the other respondents. The examination will be confined to those two questions, as there were only two demurrers filed.

It might be observed at the outset, in explanation of why the court will not examine into the question of the liability of each of the respondents separately, that the supreme court of this state held, in case of *Jones v. Moss*, 28 Ida. 245, 153 Pac. 249, that a joint demurrer of two defendants should be overruled if the complaint states a cause of action against either of them, and ruling in that case was upon a general demurrer.

Does the amended complaint state a cause of action against the probate judge of Bannock county?

The probate courts, or the judges thereof, have jurisdiction over matters of contempt as provided by Rev. Codes, secs. 5155 to 5168, limited to some extent by the further provisions of secs. 4750 to 4754 of the codes, and have jurisdiction of criminal contempt as provided by sec. 6529 of the codes, but the jurisdiction must be exercised in accordance with the provisions of the statute.

It is alleged in the amended complaint that the probate judge issued a warrant without any affidavit or complaint, and the appellant contends that such affidavit or complaint, on oath, is necessary to give the court jurisdiction to act in any proceeding for contempt committed outside the immediate view and presence of the court or judge. Under the chapter on contempts in justices' courts, secs. 4750 to 4754, there is no provision requiring an affidavit to be presented to the court, but sec. 5157 requires that when the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of facts by the referees or arbitrators, or other judicial officer. This requirement of the statute applies to all courts, whether district, probate or justice, and when the contempt is not committed in the immediate view and presence of the court, or judge, no jurisdiction is acquired by the court until the affidavit required by the statute is presented.

(*Cline v. Langan,* 31 Nev. 239, 101 Pac. 553; *Batchelder v. Moore,* 42 Cal. 412; *Hutton v. Superior Court,* 147 Cal. 156, 81 Pac. 409; *Herdman v. State,* 54 Neb. 626, 74 N. W. 1097; *Emerson v. Huss,* 127 Wis. 215, 106 N. W. 518.)

Where the magistrate who issues a warrant of arrest has no jurisdiction of the person or subject matter, he is liable in an action in damages for false imprisonment. (12 Am. & Eng. Ency. of Law, 2d ed., 761; 19 Cyc. 336; *De Courcey v. Cox,* 94 Cal. 665, 30 Pac. 95.)

The amended complaint states a cause of action against the probate judge of Bannock county.

Next, does the amended complaint state a cause of action against either the sheriff, his deputy, B. A. Cummings, or J. Wyley Sessions?

It is alleged that a conspiracy existed between the probate judge and B. A. Cummings and J. Wyley Sessions, unlawfully to obtain possession of a portion of the Harkness estate, in which the appellant was interested as an heir, and that in furtherance of this conspiracy the respondents, Cummings and Sessions, aided, assisted and abetted in procuring the warrant of arrest of the appellant for contempt.

Anyone who aids assists in procuring a false imprisonment equally liable in damages with the one who actually places the person falsely imprisoned under restraint. (*Goodell v. Tower,* 77 Vt. 61, 107 Am. St. 745, 58 Atl. 790; 12 Am. & Eng. Ency. of Law, 751; 19 Cyc. 326.)

This court is of the opinion that the facts alleged in the amended complaint, being admitted by the demurrers, constitute a cause of action against at least some of the respondents joining in the second demurrer. Both demurrers, therefore, should have been overruled.

The judgment of the district court is reversed and the cause remanded. Costs awarded to appellant.

Morgan and Rice, JJ., concur.