(No. 6911.   June 25, 1941.)

STATE, Appellant, v. JAMES E. McNICHOLS, Respondent.

[115 Pac. (2d) 104.]

Bert H. Miller, Attorney General, C. M. Jeffery, Prosecuting Attorney, Bannock County, and Carl C. Christensen, for Appellant.

B. W. Davis, for Respondent.

MORGAN, J.—May 3, 1940, by authority of a search warrant, issued by a justice of the peace of Bannock County, a search of respondent's premises, known as the Shamrock Club, was made and there were seized and taken into possession of the sheriff, six slot machines and a roulette table, which contained $256. May 7, 1940, respondent was charged, in the justice's court, of having played and conducted games of chance, in a house owned by him, in violation of the law making gambling a misdemeanor. He procured a change of venue to the Probate

Court of Bannock County, where the case was tried to a jury, which rendered a verdict of guilty. July 8, 1940, the probate judge entered judgment that respondent pay a fine of $200 and costs. July 16, 1940, he appealed to the district court from the judgment of conviction. The following record of proceedings in the district court appears in the transcript:

### "TITLE OF COURT AND CAUSE.
### MINUTE ENTRY.

"The defendant came into court by and through his counsel, B. W. Davis, and moved to dismiss the appeal herein, and the motion was, by the court, granted.
Minute Book 21, page 551
Nov. 29, 1940"

December 3, 1940, respondent filed a motion for an order requiring the return to him of the money taken from the slot machines and roulette table, which motion contained the following:

"That the sum of Two Hundred Fifty Six ($256.00) in silver, lawful money of the United States, the property of the defendant herein, the same having been used as and introduced in evidence in the above entitled cause, be returned to the defendant herein and that a proper order be made for the return thereof;

"And it is respectfully shown to the Court that the records and files herein discloses that said cause has been finally disposed of; that there is no further action to be taken therein and that the holding of said money as evidence or as an exhibit is no longer necessary or required.

"This motion is based upon the records and files in said cause."

Counsel for the state filed an answer to the motion for return of the money and supported it by an affidavit of the sheriff, who assisted in making the search of respondent's premises and the seizure of the slot machines, roulette table and money. In the affidavit the sheriff stated, among other things, that at the trial of the case the gambling devices from which the money was taken were introduced in evidence as exhibits, and that he held a warrant for their destruction; also,

"That after said money had been removed by me from said gambling devices described above, it was by me on the 10th day of May, 1940, turned over to and deposited with Mrs. Laura Berg, the duly elected, acting and qualified Treasurer of Bannock County, Idaho, and ever since has been and now is held by her in her possession."

The district judge made an order entitled "ORDER FOR RELEASE OF EXHIBIT USED AS EVIDENCE," wherein is stated:

"It appearing to the Court that said cause has been finally determined, that the time for any appeal has expired, and no legal reason being shown to the Court why the defendant is not entitled to the return to him of $256.00 in silver, lawful money of the United States, the same being his property, and having been used as evidence in the above entitled cause;

"IT IS HEREBY ORDERED AND DIRECTED that said personal property be returned to the defendant herein.

"DATED this 17 day of February, 1940.

Jay L. Downing
District Judge."

"Filed Feb. 18, 1941."

The state has appealed from that order, and respondent has moved to dismiss the appeal on the following grounds:

(1) "That the order attempted to be appealed from, is not an appealable order under section 19-2704 I.C.A.

(2) "That said appeal attempts to appeal from an order that is void and which the District Court had no jurisdiction to make or enter.

(3) "That no transcript on appeal has been filed as provided by the Statutes of the State of Idaho and the rules of the Supreme Court of said State."

The appeal was taken by authority of Idaho Code Annotated, sec. 19-2704, which provides:

"An appeal may be taken by the state: * * *

"4. From an order made after judgment affecting the substantial rights of the prosecution."

Respondent contends no judgment was entered in the district court, and that an appeal will not lie from an order of that court to the supreme court, made after judg-

ment of conviction in the probate court; also that the order dismissing the appeal, shown by the minute entry above quoted, is not a judgment.

The controversy involved in this case is as to the right to the $256, seized and taken in execution of the search warrant. Respondent contends the money is his property; that it was used as an exhibit in evidence in the prosecution of the criminal charge against him and, now that the criminal case has been finally disposed of, he is entitled to the order, appealed from, that it be delivered to him.

If we understand appellant's contention it is that the money found in the slot machines and roulette table constituted a part of the gambling devices which respondent was convicted of using; that it was forfeited to the state, and that he is not entitled to have it returned to him.

■ [1] We have no statutory definition of a judgment in criminal cases, but section 7-701, being a part of the Code of Civil Procedure, provides:

"A judgment is the final determination of the rights of the parties in an action or proceeding."

■ ■ In *Swinehart v. Turner,* 36 Ida. 450, 211 Pac. 558, a rule applicable to this case is expressed in the syllabus, thus:

"Whether a written instrument expressing the action of the court is an order or a judgment is to be determined by its contents and substance, not by its title." (See, also, *Miller v. Gooding Highway District,* 54 Ida. 154, 30 Pac. (2d) 1074; *Poage v. Co-operative Pub. Co.,* 57 Ida. 561, 66 Pac. (2d) 1119.)

■ ■ The order of dismissal was not signed by the trial judge, and appears only in the minute entry of the proceedings of the district court, above quoted. In *Ex Parte Monckros Von Vetsera,* 7 Cal. App. 136, 139, 93 Pac. 1036, 1037, it is said, quoting from *Von Schmidt v. Widber,* 99 Cal. 511, 34 Pac. 109:

" 'It is essential, however, that the action of the court be made a matter of record, in order that there may be no uncertainty as to what its action had been, and for this purpose it is customary, as well as expedient, to have

its acts entered in the minutes kept by the clerk; but if the order is formally prepared and signed by the judge, and made a matter of record by filing with the clerk, the same end is attained as if it were spread at length upon the minutes of its daily transactions.'" (See, also, 33 C. J. 1191, sec. 120.)

When a criminal case is appealed to the district court, from a probate judge or justice of the peace, it travels a one-way road. Section 19-4042 provides:

"The clerk of the district court must file the papers received, and enter the action on the calendar in its order with other criminal cases, and the same must be tried anew in the district court at the next term thereof, unless for good cause the same is continued." (*State v. Stafford*, 26 Ida. 381, 143 Pac. 528; *State v. Ashby*, 40 Ida. 1, 230 Pac. 1013.) There is no provision for returning such a case to a probate judge or a justice of the peace. Remittitur is not provided for and is unknown to the practice.

The district court acquired jurisdiction of this action as fully and completely as it has and exercises in criminal cases commenced in that court in the first instance. The motion to dismiss the appeal had the effect of a plea of guilty and the order of dismissal amounted to a judgment that defendant pay the fine imposed and the costs assessed in the probate court, which he did. The district judge might have required him to plead to the complaint and might have imposed a penalty other than that fixed by the probate judge, but, apparently, did not see fit to do so.

After respondent appealed to the district court from the judgment of conviction, the case was pending in that court for trial, and remained so pending until it was finally disposed of. The order of dismissal was a final determination of the rights of the parties to the criminal action and is a judgment within the meaning of section 19-2704, heretofore quoted.

It is argued in respondent's brief that since he has been convicted, his appeal dismissed, his fine paid, and the property seized has been destroyed, no substantial right

of the state can be affected by the order directing the return of the money.

If appellant is right in its contention that the money found in the slot machines and roulette table constituted a part of the gambling devices which respondent had been convicted of using, and that it was forfeited to the state, the order holding the money was respondent's property and directing that it be returned to him, affected the state's substantial rights and is an appealable order within the meaning of section 19-2704.

If respondent's contention that the order directing the money be returned to him, from which this appeal has been taken, is void because the district court had no jurisdiction to make it, were sound, it would probably make little difference whether we dismiss the appeal or not. Violation of an order which is void because of lack of jurisdiction of the court to make it is not contempt of court, and no one is under compulsion to obey it. (*McWatters v. Stockslager*, 29 Ida. 803, 162 Pac. 671.)

If the money, the subject of this litigation, has not been forfeited to the state, but is respondent's property and is in the custody, or under the control, of an officer of the court, held as evidence, and no longer necessary for that purpose, the court had jurisdiction to enter the order appealed from. Whether it is so held, or has been forfeited, or is subject to forfeiture to the state, is not a proper question for decision on motion to dismiss the appeal, but may properly be decided when the case has been submitted on the merits.

Respondent's contention that no transcript on appeal has been filed, as provided by the Idaho statutes, or rules of this court, appears to be based on the fact that the transcript does not contain a certificate, signed by the judge, as to the papers submitted to, and used by him, on the hearing of the motion for an order directing the return of the money to respondent, and that said papers constitute all the records, papers, and files used or considered by said judge on such hearing.

Rule 23 of our rules of practice requires that the transcript contain "all orders made by the judge disposing of a motion for a new trial, or any other

contested motion"; also a certificate, signed by the judge, clerk, or attorneys, that said papers are of the records or files in the case; were submitted to the judge and by him used on the hearing of the motion, and constitute all the records, papers and files used or considered by said judge on such hearing. The transcript in this case contains the order of the court disposing of the contested motion for the return of the money to respondent, and a proper certificate, signed by the clerk of the court, as required by the rule.

The motion to dismiss the appeal is overruled.

Holden and Ailshie, JJ., concur. Givens, J., concurs in the conclusion.

BUDGE, C. J. (Dissenting)—In my opinion, no useful purpose can be served by prolonging litigation in the above entitled cause. Under no circumstances is respondent entitled to return of the money (*Dorrell v. Clark*, (Mont.) 4 Pac. (2d) 712; *Asher v. Johnson*, 79 Pac. (2d) 457), which is the material question in controversy, and that the parties seek to have determined. The motion for the return of the money made by respondent in the District Court vested that Court with no jurisdiction. Likewise, the order returning the money to respondent made by the District Court was without and beyond its jurisdiction, and unenforceable (*MacWatters v. Stockslager*, 29 Ida. 803), all of which appear from the files and records now before this Court.

Respondent strenuously contends, and rightly so, that the order directing the return of the money was absolutely void because the District Court had no jurisdiction to make it, and urges that the appeal should be dismissed. A dismissal of the appeal on the ground that the order was absolutely void, would necessitate that the order be vacated, and would result in a denial of the right of respondent to the money in question, and thus end the litigation.

The appeal should be dismissed with instructions to the District Court to vacate its order returning the money to respondent.