460 P.2d 744

**M. F. BARNETT, Plaintiff-Appellant,**

v.

**Richard R. REED, Judge of the Probate Court, in and for Twin Falls County, State of Idaho, Defendant-Respondent.**

**No. 10309.**

Supreme Court of Idaho.

Oct. 30, 1969.

Rehearing Denied Nov. 21, 1969.

---

Harry Turner, Twin Falls, for plaintiff-appellant.

Kramer, Plankey & Meehl, Twin Falls, for defendant-respondent.

SPEAR, Justice.

On March 21, 1968, a preliminary hearing on a criminal charge was held in the probate court of Twin Falls County. Respondent (defendant) as probate judge, presided over the hearing and appellant (plaintiff), the Chief of Police of the City of Twin Falls, was called as a witness by the defense. During the questioning of appellant as a witness, appellant testified that he had made certain notes on December 21, 1967, which notes were to record what had transpired at a conference between him and the accused, wherein said accused allegedly confessed to the crime of preparing false evidence. Chief Barnett (appellant) also testified that he had read his notes a week or ten days before the hearing, but had the notes in his possession in the courtroom at the hearing. Defense counsel then asked appellant to produce the notes. Appellant refused. Defense counsel then

moved that appellant be required to produce the notes for his inspection pursuant to I.C. § 9–1204.

Judge Reed (respondent), on the basis of the statute, ordered appellant to produce the notes for inspection by defense counsel. Appellant refused on the grounds that I.C. § 9–1204 applied only to writings referred to at the time of hearing, and that since his referral to the notes occurred a week or ten days prior to the hearing, the notes did not have to be produced.

Upon appellant's continued refusal to produce the notes subsequent to a contempt warning, respondent Judge Reed held appellant in contempt of court and fined him one hundred dollars.

Appellant then petitioned for a writ of review in the proper district court. On hearing the district judge reviewed the portion of the record relating to, and including, the appellant's testimony and the contempt order, and quashed the writ.

From such order this appeal was perfected.

Primarily, appellant assigns as error the action of the district court in quashing the writ of review on grounds that the respondent probate judge exceeded his jurisdiction in holding appellant in contempt. He contends that the respondent incorrectly interpreted I.C. § 9–1204 as requiring a witness to furnish notes used in refreshing his memory, whether such refreshing occurred during or prior to the hearing, and that correctly interpreted, the statute applies only when the refreshing occurs during the hearing. Since he did not refer to his notes during the hearing, appellant argues that the court had no jurisdiction to punish him for contempt because the order which he is alleged to have disobeyed, i.e., to furnish his notes, is one which the court had no authority to make.

Assuming momentarily for the sake of argument that the respondent's interpretation of I.C. § 9–1204 was incorrect, the question raised is whether the erroneous interpretation of the statute deprived the probate court of the authority, and therefore the jurisdiction, to order appellant to perform under the statute, and to subsequently hold him in contempt for not obeying that order.

The question is not a novel one before this court, and the scope and limitations of the contempt power held by the courts previously have been defined and established in Idaho. While the order holding a person in contempt is not appealable under I.C. § 7–614, the writ of review has been recognized as a proper method by which the actions of a court in a contempt proceeding can be reviewed. Mathison v. Felton, 90 Idaho 87, 408 P.2d 457 (1965). Additionally, the right to a review of the evidence to the extent of inquiring whether there was any evidence to furnish a substantial basis for adjudging the person guilty of contempt is deemed a safeguard rather than a limitation. *Mathison,* supra; Vollmer v. Vollmer, 46 Idaho 97, 266 P. 677 (1928); Hay v. Hay, 40 Idaho 159, 232 P. 895 (1924).

It is also well established in Idaho that where such contempt is reviewed under a writ of review, the sole question for determination is whether the inferior tribunal exceeded its jurisdiction. Berry v. District Court of Third Judicial District, 91 Idaho 600, 428 P.2d 519 (1967); Mathison v. Felton, supra; Specialty Sales v. Graf, 73 Idaho 113, 245 P.2d 820 (1952); Gilbert v. Elder, 65 Idaho 383, 144 P.2d 194 (1943); Hawley v. Bottolfsen, 61 Idaho 101, 98 P.2d 634 (1940); McConnell v. State Board of Equalization, 11 Idaho 652, 83 P. 494 (1905). If the court has jurisdiction of the parties, the subject matter and the authority or power to make the order it did, the disobedience of such order constitutes contempt, regardless of whether the order disobeyed was correct or incorrect. Mathison v. Felton, supra; 12 A.L. R.2d 1059, at 1107, § 41.

In the Mathison case (supra), this court upheld a contempt judgment, even though

the court judgment violated therein was later reversed by the appellate court, stating:

"Even though the judgment in the case which forms the basis of this contempt proceeding has been reversed, it is our conclusion that such reversal will be of no avail to the petitioner here in the determination of whether the contempt judgment should be upheld. The judgment in the principal cause was not a void judgment for the trial court had jurisdiction of the parties, the subject matter, and the power to enter the judgment it did and the error upon which the reversal is based is not jurisdictional. It is almost unanimously agreed that such a person may not disregard or violate such an order, and set up the error as a defense in a contempt proceeding for violation of such order. See cases cited in the annotation 12 A.L.R.2d 1059, at page 1107, § 41." (90 Idaho at p. 94, 408 P.2d at p. 461)

The record clearly shows, and the appellant doesn't deny, that the probate court had personal jurisdiction over him as a witness, and jurisdiction over the parties and the subject matter of the case before the court. Appellant contends, however, that the court misinterpreted I.C. § 9–1204 and, therefore, actually had no power under the statute to order him to produce the notes, and thus exceeded its jurisdiction in finding appellant in contempt and sentencing him for failure to comply with such order.

■■ Article 5, Section 2 of the Constitution of the State of Idaho creates the judicial department, and by giving judicial power to the courts, confers on them the power and the duty to construe the laws. Ogden v. Blackledge, 2 Cranch (6 U.S.) 272, 2 L.Ed. 276 (1802); People ex rel. Engley v. Martin, 19 Colo. 565, 36 P. 543, 24 L.R.A. 201 (1894); Stewart v. State, 4 Okl.Cr. 564, 109 P. 243, 32 L.R.A.,N.S., 505 (1910); 50 Am.Jur. Statutes, § 219 p. 198. The probate court is a court of record in Idaho created by Idaho Const. Art. V, § 21. Spaulding v. Children's

Home Finding and Aid Society, 89 Idaho 10, 402 P.2d 52 (1965). It is true that this section was repealed in 1962 when the proposal made by S.L.1961, p. 1077, H.J.R. No. 10 was ratified at the general election held November 6, 1962; but the court reorganization legislation abolishing the probate court, together with justices of the peace and police courts, does not become effective until January 11, 1971. S.L.1969, Ch. 100, p. 344. Thus the probate court had the power to interpret I.C. § 9–1204; and since the statute was not one which granted jurisdiction to the court, the erroneous interpretation of the statute would not deprive the court of the power or jurisdiction to order a person to perform under that interpretation of the statute even if erroneous. The fact that a witness may disagree with the court in the interpretation of a statute is no excuse for disobeying an order of the court pursuant to the statute, the proper remedy for challenging the correctness of an adverse ruling being by appeal by an adversely affected party, not by disobedience by the witness. Any other rule would substitute the interpretation of the witness for that of the judge whenever a question such as this arose. Obviously this could not be tolerated. Stated quite simply, it was the witness, not the judge, who lacked the power and jurisdiction to interpret the statute.

The case of MacWatters v. Stockslager, 29 Idaho 803, 162 P. 671 (1917) cited by the appellant is of no avail to him for it presents an entirely different situation. In that case the statutes involved had been previously interpreted by this court in Price v. Grice, 10 Idaho 443, 79 P. 387 (1904); and Wiles v. Northern Star. Min. Co., 13 Idaho 326, 89 P. 1053 (1907), as requiring an undertaking to be filed by the person requesting a restraining order before such order could be given. The lower court issued a restraining order although no undertaking had been filed, and held MacWatters in contempt when the restraining order was not obeyed. This court held that since no undertaking had been filed, the injunctive provision of the order to

show cause was void and inoperative; that its violation did not constitute contempt of court, and that the defendant (a district judge) was without jurisdiction to adjudge the violator guilty and punish him.

■ In the present case the statute involved has never been interpreted by this court. Thus, the order of the probate court was valid, the court had jurisdiction, and the MacWatters v. Stockslager ruling is not controlling here. Similarly, the case of State v. McNichols, 62 Idaho 616, 115 P.2d 104 (1941), cited by the appellant, which was based upon the ruling in the MacWatters case, is also not controlling here for the same reason, and is even less relevant because the order in the McNichols case was not held to be void in the majority opinion.

■ Since the probate court did have jurisdiction, the next question presented is whether the facts show a contempt of court. The appellant does not deny that the court ordered him to produce his notes pursuant to the court's interpretation of the statute, nor that he refused to comply with such order. Such order was valid and thus, pursuant to I.C. § 18–1801(4), the appellant was guilty of contempt for wilful disobedience of an order lawfully issued by the court.

There is no question here of whether appellant could be purged of his contempt on grounds that his action was legally justified. Appellant gave no reason when asked by the court for refusing to produce the notes. He testified that he had the notes in his possession at that time, and thus, there is also no question of impossibility of performance such as in the case of Hay v. Hay, 40 Idaho 159, 232 P. 895 (1924).

In view of our holding that the appellant was guilty of contempt for disobeying the court's order, regardless of whether the statute upon which the order was based was correctly or erroneously interpreted, it is unnecessary at this time for us to rule on the correctness of the respondent's interpretation of I.C. § 9–1204. We reserve such question.

The order of the trial court is affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, DONALDSON and SHEPARD, JJ., concur.