487 P.2d 951

**Douglas D. KRAMER et al., Plaintiffs-Appellants,**

v.

**TWIN FALLS COUNTY, a County of the State of Idaho et al., Defendants-Respondents.**

No. 10767.

Supreme Court of Idaho.

Aug. 2, 1971.

Kramer, Plankey, Smith & Beeks, Twin Falls, for plaintiffs-appellants.

Rayborn, Rayborn, Webb & Pike, Twin Falls, for defendants-respondents.

PER CURIAM.

This appeal by the partnership under the firm name of Kramer, Plankey and Meehl is from a summary judgment entered by the trial court in favor of respondents, the county commissioners and the county of Twin Falls.

In brief, this litigation arises out of the representation by appellants of Richard Reed, the then probate judge of Twin Falls County, in the action brought against him by M. F. Barnett for a writ of review of a contempt order entered by Judge Reed against Barnett. See Barnett v. Reed, 93 Idaho 319, 460 P.2d 744 (1969). The appellants in this case filed a claim against the county for attorneys fees for the representation of Judge Reed, and after the board of county commissioners rejected the claim the instant action was instituted.

The trial court entered summary judgment for the respondents, and it is from this judgment that this appeal was perfected.

Consideration of this particular appeal indicates there are a multitude of issues, both factual and legal, but many of the legal questions can only be resolved after a full development of all facts and facets of this case. The record and the briefs of counsel do not refer to the duty of the county prosecuting attorney to represent a county officer—a probate judge—when suit is instituted against him as was done here. I.C. § 31-2604.[1] The record suggests that the then prosecuting attorney may in any event have been disqualified from representing the judge. Although the record raises the issue, the underlying

---

1. I.C. § 31-2604 was amended, effective January 11, 1971, but in ways not germane to the issues presented here. S.L. 1970, Ch. 120, § 11, pp. 289-290.

**358**

facts are not clear and we can therefore come to no conclusion.

The record further indicates that there may have been some agreement between the probate judge and a member of the appellant firm concerning the representation of the judge by the firm. However, the record and the briefs do not deal with the question as to whether such an arrangement was a proper one in the circumstances. Thus, on the one hand, the question is presented whether the probate judge had authority to retain counsel to represent the court in the Barnett v. Reed matter in light of Idaho Const. art. 18, § 7, which provides "all actual and necessary expenses incurred by any county officer or deputy in the performance of his official duties, shall be a legal charge against the county." On the other hand, there is the question whether, presupposing an interest by the county in this matter, the proper procedure to follow was for the prosecuting attorney to seek the appointment by the district court of a special prosecutor in the absence of the prosecuting attorney's ability to act in this case. I.C. § 31–2603. These are important issues which require an adequate factual record and consideration by counsel.

Further factual issues are presented as to whether the defendant judge in the case of Barnett v. Reed, supra, was the true party in interest; or whether the county, under the issues presented in that case involving the validity of a contempt order by a judge of a county court, was the real party in interest; or whether defendant in the criminal case (who was represented by appellants) from which the contempt order originated had any particular interest in the case.

It is our conclusion that under the state of the record the summary judgment in this case must be reversed, inasmuch as there remain unresolved genuine issues as to material facts. I.R.C.P. 56(c).

The summary judgment is reversed and the cause remanded for further proceedings. Costs to appellants.