499 P.2d 557

Glenn E. BANDELIN, Plaintiff,

v.

Honorable Daniel A. QUINLAN, Judge of the Second Judicial District of the State of Idaho, Defendant.

No. 11032.

Supreme Court of Idaho.

July 31, 1972.

Wilson & Walter, Bonners Ferry, Greene & Hunt, Sandpoint, and Riner E. Deglow, Spokane, Wash., for plaintiff.

W. Anthony Park, Atty. Gen., Martin R. Ward, Deputy Atty. Gen., John M. Hancock, Asst. Atty. Gen., Boise, Everett D. Hofmeister, Jr., Sandpoint, for defendant.

DONALDSON, Justice.

This original proceeding was initiated by the petitioner, Glenn E. Bandelin, who filed in this Court a verified application for a writ of review of an order of the District Court of the First Judicial District, Bonner County, whereby the petitioner was adjudged guilty of contempt of court and fined in the amount of $500.00. The petitioner's application, which alleged that the district court had exceeded its jurisdiction, was granted by this Court, and the requested writ was subsequently issued.

On December 19, 1968, the petitioner, a member of the bar of this state, was appointed guardian for Muriel I. Talbot, who had been adjudged incompetent on that same day. On July 19, 1971, with First Judicial District Judge James G. Towles presiding, a hearing was held on certain objections filed to the guardian's final accounting. The party who filed these objections did not appear at the hearing, nor was he represented by counsel, despite notice duly given; nevertheless, the court interrogated the petitioner in regard to each of the objections. Based upon the information obtained at this hearing, Judge Towles ordered the Bonner County prosecuting attorney to initiate contempt proceedings against the petitioner under the following provisions of the Idaho Code of Civil Procedure:

"7-601. *Contempts defined.*—The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

\* \* \* \* \* \*

3. Misbehavior in office or other wilful neglect or violation of duty by an attorney, counsel, clerk, sheriff, coroner or other person appointed or elected to perform a judicial or ministerial service.

\* \* \* \* \* \*

9. Any other unlawful interference with the process or proceedings of a court."

The following affidavit, intended to initiate contempt proceedings against the petitioner, was then filed by the prosecuting attorney (references to another attorney, the charges against whom were subsequently dropped, have been deleted):

"EVERETT D. HOFMEISTER, being first duly sworn, deposes and says:

That he is the Prosecuting Attorney of Bonner County, State of Idaho and does initiate these proceedings pursuant to that Memorandum Decision and Order of the District Court of the First Judicial District in and for the County of Bonner in Bonner County File Number 10961 in the matter of the Guardianship of MURIEL TALBOTT, [sic] deceased and the Order of the Honorable James G. Towles, District Judge, dated at Wallace on the 27th day of July, 1971 in accordance with Page 12 of said Decision which Memorandum Decision and Order was a matter of Court record and is

hereby referred to as though fully set forth.

That as shows of record in the Memorandum Decision, hereinbefore referred to, the said Glenn E. Bandelin * * * did act and omit act with respect to matters pending before the Court and did wilfully neglect and violate [his] duties as [an attorney], and the said Glenn E. Bandelin did wilfully neglect and violate his duties as Guardian of an estate, the details of which are more fully set forth in the aforementioned proceedings referred to herein.

That Glenn E. Bandelin * * * [is a] licensed and practicing [attorney] of the State of Idaho and did * * * interfere with and obstruct the purposes of the proceedings of the Court which constitutes contempt of the authority of the Court as defined in Idaho Code 7–601."

Judge Towles disqualified himself from hearing any matters relating to the contempt proceedings, and the hearing on the contempt matter was then heard by Judge Daniel A. Quinlan. Based upon the records and files in the guardianship case and the testimony introduced at the contempt proceeding, Judge Quinlan found the petitioner guilty of contempt of court under I.C. § 7–601(3) and (9) (set out above), in that:

1. He failed to make a return to the probate court after selling certain Massachusetts Investors Trust shares that were part of the ward's estate;

2. Without court authorization, he loaned money from the guardianship account to Bargain Supplies, Inc., on an unsecured promissory note;

3. He sold Chesapeake & Ohio bonds without securing court approval or making return of sale;

4. After the ward's death, he failed to promptly terminate the guardianship and render a final accounting; and

5. Without court authorization, he paid guardianship money to the executor of the ward's estate.

■ Where, as here, a case has been brought before this Court on a writ of review, the sole question for determination is whether the inferior tribunal exceeded its jurisdiction. Barnett v. Reed, 93 Idaho 319, 460 P.2d 744 (1969); Berry v. District Court of the Third Judicial Dist., 91 Idaho 600, 428 P.2d 519 (1967); Mathison v. Felton, 90 Idaho 87, 408 P.2d 457 (1965); I.C. § 7–208.

■ The petitioner's allegedly contemptuous acts and omissions did not occur in the immediate view and presence of the court. Such contempt is known as "indirect" contempt. Jones v. Jones, 91 Idaho 578, 428 P.2d 497 (1967); 17 Am.Jur.2d, Contempt § 6 (1964). Section 7–603, Idaho Code, in pertinent part provides:

"When the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt * * *."

In such a case, the affidavit constitutes the complaint, and its function is to apprise the alleged contemnor of the *particular* facts of which he is accused, so that he may meet such accusations at the hearing. Jones v. Jones, *supra*; Hay v. Hay, 40 Idaho 159, 232 P. 895 (1924); Robinson v. City Court for City of Ogden, 112 Utah 36, 185 P.2d 256 (1947).

■ In a case of "indirect" contempt, when an affidavit of the facts constituting the contempt is required by statute, the court presiding over the contempt hearing acquires no jurisdiction to proceed until a sufficient affidavit has been presented. Jones v. Jones, *supra*; Harkness v. Hyde, 31 Idaho 784, 176 P. 885 (1918); State ex rel. The Oregon State Bar v. Lenske, 243 Or. 477, 405 P.2d 510 (Or.1965), cert. denied, 384 U.S. 943, 86 S.Ct. 1460, 16 L. Ed.2d 541 (1966). Since contempt proceedings are quasi-criminal in nature, no intendments or presumptions may be indulged in to aid the sufficiency of the affidavit. Jones v. Jones, *supra*; Phillips v. Superior Court of Kern County, 22 Cal.

2d 256, 137 P.2d 838 (1943). If an affidavit is presented which fails to recite *on its face* the *substantive facts* which constitute, or might constitute, a contempt on the part of the accused, the court is without jurisdiction. Batchelder v. Moore, 42 Cal. 412 (1871); Sorell v. Superior Court of the City and County of San Francisco, 248 Cal.App.2d 157, 56 Cal.Rptr. 222 (1967); Cline v. Langan, 31 Nev. 239 (1909); *cf.* Harkness v. Hyde, *supra* (citing both Batchelder v. Moore and Cline v. Langan, *supra*). The facts allegedly constituting the contempt must be recited with particularity. Jones v. Jones, *supra*.

 The affidavit filed by the prosecutor in this case failed to state a prima facie case against the petitioner, in that it did not allege the particular acts or omissions which constituted violations of his duties as an attorney or as guardian of an estate. The memorandum decision and order incorporated by reference in the affidavit did contain Judge Towles's conclusions to the effect that the petitioner had violated his duties in numerous respects; but that document did not specify which derelictions were to be made the subject of contempt proceedings against the petitioner. The affidavit itself stated only conclusions of law—i. e., that the petitioner had violated his duties as attorney and as guardian. The affidavit did not indicate whether the contempt proceedings were based upon all the petitioner's derelictions, large and small, or only certain ones. When the specific charges have not been stated with particularity in the affidavit, the accused is not provided with a proper opportunity to prepare his defense prior to the hearing. Jones v. Jones, *supra*; Robinson v. City Court for City of Ogden, *supra*. We once again emphasize that in evaluating the sufficiency of an affidavit relied upon as the basis of a contempt proceeding, we cannot indulge in any intendments or presumptions in its favor. Jones v. Jones, *supra*. A contempt proceeding under I.C. § 7–601 is a special proceeding, criminal in nature, since a violation thereof is punishable by fine or imprisonment.

I.C. § 7–610; Jones v. Jones, *supra*. In any event, the conclusory affidavit filed in this case is no less prejudicial to the accused than an affidavit which fails to allege that a child-support order was served or that the contemnor had actual knowledge thereof, the absence of which allegation was held to render an affidavit fatally insufficient in Jones v. Jones, *supra*. Furthermore, where the affidavit fails to allege all essential material facts, such a deficiency cannot be cured by proof supplied at the hearing or by judicial notice of the court's own records. Jones v. Jones, *supra*.

Since the affidavit presented to initiate proceedings against the petitioner for indirect contempt was insufficient, the court below acquired no jurisdiction (Jones v. Jones, *supra*); and therefore, its order of contempt must be declared to be invalid.

Order reversed. Costs to plaintiff.

McQUADE, C. J., and McFADDEN, SHEPARD and BAKES, JJ., concur.