[No. 15211.   Department One.   July 23, 1919.]

E. M. GORDON *et al., Respondents,* v. C. D. HILLMAN *et al., Defendants,* PACIFIC EXCURSION COMPANY, *Garnishee Defendant-Appellant.*[1]

RECEIVERS (18) — APPOINTMENT — NOTICE — NECESSITY.  The appointment of a permanent receiver for an insolvent corporation without notice is without justification and void, whether appointed prior or subsequent to judgment.

SAME (18)—NOTICE—SUFFICIENCY.  The service of a writ of garnishment upon a corporation does not dispense with or take the place of notice of application for the appointment of a receiver of the corporation, after judgment against it.

Appeal from an order of the superior court for King county, Ronald, J., entered September 30, 1918, denying the vacation of an order appointing a receiver.  Reversed.

*Geo. H. Rummens* and *Gay & Griffin,* for appellant.
*Byers & Byers* and *Aust & Terhune,* for respondents.

MITCHELL, J.—E. M. Gordon *et al.* obtained a judgment against C. D. Hillman *et al.,* and afterwards procured a writ of garnishment and had it served upon the Pacific Excursion Company, a corporation.  The company, in responding to the writ, by way of a special appearance, moved to quash it.  Upon the court's denial of the motion, the company refused to plead further, and judgment was entered against it.  Thereafter, without notice to the company, Gordon *et al.* presented to the trial court a motion, supported by the affidavit of their attorney, for the appointment of a receiver for the company; and at once the trial court appointed a receiver.  The affidavit referred to the judgment and alleged that execution had been issued

[1]Reported in 182 Pac. 591.

thereon and returned unsatisfied, and that the company was insolvent. Upon learning of the appointment of a receiver, the company, by special appearance, promptly made application to the court for an order setting aside the order by which the receiver had been appointed, claiming the appointment was void, among other reasons, because it was made without any notice to the company. The application to vacate the order was denied, whereupon the company, continuing its special appearance, has appealed, still preserving its special appearance in this court.

The appointment was not of a temporary receiver as an emergency order until the company could be notified to appear and show cause, but purports to be the appointment of a permanent receiver. This court has uniformly held that the appointment of such a receiver without notice is without jurisdiction and void. *State ex rel. Ridgely v. Superior Court,* 86 Wash. 584, 150 Pac. 1153. Respondents admit such to be the rule where the receiver is appointed prior to judgment, but contend notice of an application is not necessary after judgment. There is no difference; notice is required in either case. The appointment requires proof of a necessity therefor, and in this particular case respondents submitted proof by way of affidavit. It is an adversary proceeding and, except in the case of an emergency order, the court is without jurisdiction to determine the existence of a state of facts justifying the taking and retaining of another's property by means of a receiver without giving that other an opportunity to be heard at the time of the determination.

Respondents further contend that, if notice of an application for the appointment of a permanent receiver was required, the original process, or writ of garnishment, was sufficient. It is difficult to see how

the service of a writ of garnishment could give notice that later on, after judgment against the garnishee defendant, the judgment creditor would present to the court a motion and affidavit and at once take an order appointing a permanent receiver. The contention is without merit.

Reversed, with direction to vacate the order appointing a receiver.

HOLCOMB, C. J., TOLMAN, MACKINTOSH, and MAIN, JJ., concur.