QUAIL *v.* WAYNE CIRCUIT JUDGE.

1. VENDOR AND PURCHASER—RESCISSION—FRAUD—SUFFICIENCY OF ALLEGATIONS—EQUITY.

Bill in equity for rescission of land contract on ground of fraud and to establish lien in favor of vendees under the contract for money which they claim was fraudulently procured from them, alleging that contract was procured by false representations, and that vendor was attempting to assign contract to innocent purchasers, stated a cause which, if sustained by proof, entitled plaintiffs to relief prayed for.

2. SAME—NOTICE—RIGHTS OF VENDEE AGAINST ASSIGNEE.

Purchaser of real estate with knowledge that it was sold on contract and taking assignment of vendor's interest therein took subject to all defenses thereto in existence between original vendor and vendees, and latter had same rights as to rescission as against assignee of vendor as against original vendor.

3. INJUNCTION—STAY—FAILURE TO FILE STATUTORY BOND FATAL.

Compliance with 3 Comp. Laws 1915, § 12662, requiring filing of bond before injunction shall issue to stay the trial of any personal action in court of law is imperative, and injunction issued without requiring filing of bond should be dissolved.

Mandamus by J. Gilbert Quail to compel Theodore J. Richter, Wayne circuit judge, to modify an injunc-

tion. Submitted December 17, 1929. (Calendar No 34,688.) Writ granted January 24, 1930.

*J. Gilbert Quail, in pro. per.*

*J. M. Cleary,* for defendant.

POTTER, J. July 22, 1929, plaintiff, assignee of the Trinity Building Company, a corporation, vendor in a land contract, covering Detroit real estate, claiming the vendees therein, Leo Rodgers and Agnes Rodgers his wife, were in default in making monthly payments of instalments due thereon, commenced suit before Hon. Ralph Liddy, a justice of the peace, against them for the recovery of the same. Defendants appeared, pleaded the general issue, and the lawsuit was set for trial for August 21, 1929. Before that time vendees filed a bill in equity in Wayne circuit court against the Trinity Building Company, Northwestern Investment Company, and plaintiff herein, alleging the making of the contract; that vendees entered into possession thereunder, the same was procured by fraud and false representations described in the bill of complaint, the vendees had paid $1,950 on the signing of the contract and $57.50 monthly. They offered to surrender possession of the premises, and demanded repayment of all money they had paid or that had been credited to them on the contract, less the reasonable rental value of the premises during their occupancy. The bill alleged the Trinity Building Company was attempting to assign the contract to innocent purchasers for value to perpetrate a fraud upon vendees; that plaintiffs feared defendants therein would dispossess them of the premises, and alleged they had actually started foreclosure proceedings against the contract purchasers of other

lots in the same subdivision, and prayed that plaintiffs therein, the vendees under the contract, be relieved from any forfeiture or any money paid or credited to plaintiffs on the land contract less the reasonable rental value thereof during their tenancy, the vendees have an equitable lien on the premises for the amount so found to be due, the premises sold for the satisfaction of such lien, and that an injunction issue to restrain defendants and each of them from selling and disposing of or incumbering the premises, and from taking any action to collect on said contract or dispossess vendees.

Upon the filing of the bill of complaint above described, an injunction was issued and served upon defendant Quail, who is plaintiff herein, on or before the day fixed for the trial of the case before the justice. Defendant Quail, who is plaintiff herein, filed an answer to the bill of complaint claiming to be a *bona fide* purchaser for value, without notice, of the lot covered by the contract, and he at that time received an assignment of the land contract wherein plaintiffs were vendees, and moved to dissolve the injunction.

Upon the hearing of the motion to dissolve the injunction, the court ordered the injunction be dissolved unless plaintiffs file a bond by September 5, 1929, in the penal sum of $100, conditioned that plaintiff should, if so ordered by the court, pay the 1929 city taxes on the premises. Plaintiff herein seeks mandamus to compel the circuit judge to set aside this order, and claims the bill was filed and the injunction issued and continued in violation of 3 Comp. Laws 1915, § 12662, and that before the chancery case can be reached for trial immediate and irremediable injury will be done him, and for other relief. The answer and return of the circuit judge

sets up a letter from plaintiff here as secretary of the Northwestern Investment Company under date of April 30, 1929, as follows:

"Mr. Leo A. Rodgers,
    "17365 Trinity Avenue,
        "Detroit, Michigan.
"*Dear Sir*:
    "We would appreciate receiving a check for the amount now due on your land contract. If you are unable to pay the whole amount kindly indicate just how you can take care of the balance. We are desirous of arranging matters to meet the convenience of all concerned, but so far we have not even heard from you. Kindly advise us.
                    "Yours very truly,
                    (Signed) "J. Gilbert Quail,
                            "Secretary."

Plaintiff herein claims in his petition for mandamus to have been a *bona fide* purchaser of the contract, for value, without notice, February 7, 1929, or considerably more than a month prior to writing the letter above quoted. The bill in equity was filed for a rescission of a land contract on the ground of fraud and to establish a lien in favor of the vendees under the contract for the money which they claim was fraudulently procured from them. The bill stated a cause of action, and, if sustained by proof, plaintiffs would be entitled to a decree substantially as prayed. The plaintiff herein not only bought, as indicated by the letter, with knowledge of the vendee's contract, but at the time he took a deed of the premises he took an assignment of the vendor's interest in the land contract, as to which he as assignee of the vendor took subject to all of the defenses thereto that existed between the original vendor and vendees. *Howell* v. *Medler,* 41 Mich. 641; *Seligman*

v. *Ten Eyck's Estate,* 49 Mich. 104; *Stephens* v.
*Coryell,* 169 Mich. 48; *Ward* v. *Township of Alpine,*
204 Mich. 619; *Cutler* v. *Lovinger,* 212 Mich. 272;
*Clark* v. *Bussard,* 220 Mich. 304; *Hull* v. *Hostettler,*
224 Mich. 365.

If plaintiffs in equity as vendees in the land con-
tract would have had a right to rescission and other
relief against the original vendor, they have the same
rights against the assignee of the vendor who stands
in the shoes of the original vendor.

3 Comp. Laws 1915, § 12662, provides:

"No injunction shall issue to stay the trial of any
personal action in a court of law, until the party ap-
plying therefor shall execute a bond with one or
more sufficient sureties, to the plaintiff in such ac-
tion at law, in such sum as the circuit judge or other
officer allowing the injunction shall direct, condi-
tioned for the payment to the said plaintiff, or his
legal representatives, of all moneys which may be
recovered by such plaintiff, or his representatives,
or the collection of which may be stayed by such in-
junction, in such action at law, for debt or damages,
and for costs therein; and also for the payment of
such costs as may be awarded to them in the court
in chancery, in the suit in which such injunction shall
issue."

The contract itself recites a down payment by
vendees therein of $1,950. The trial court held the
sum paid by the vendees was sufficient to protect
the vendor, treated the bill as one to rescind and
establish a lien for money fraudulently procured
from the vendees, and refused to order the statutory
bond. No motion was made by the plaintiff herein
to set aside such order.

In *Carroll* v. *Farmers' & Mechanics' Bank,* Har.
Ch. 197, it was urged that compliance with this
statute was imperative, and the court so held.

In *Jenness* v. *Smith,* 58 Mich. 280, it is said:

"The statute is imperative."

In *Lawton* v. *Richardson,* 115 Mich. 12, it is held, where there was no compliance with the statute, "the injunction was a nullity."

Where the statute is mandatory, as here,

"The court cannot dispense with the filing of a bond as preliminary to the issuance of a temporary injunction." 32 C. J. p. 312.

"A compliance with the requirements of the statute is necessary, whether an injunction is the main purpose of the bill or is merely ancillary thereto." 32 C. J. p. 310.

The bill having been filed for rescission of a contract prior to the rendition of any judgment at law in the justice's court, any action subsequently taken in justice's court would be subject to the decree of the circuit court in the equity case. No injunction bond having been filed in compliance with the statute, such injunction should be dissolved, unless the vendees, plaintiffs in equity, file with the clerk of the circuit court a bond in compliance with the provisions of the statute within ten days. The writ will issue.

WIEST, C. J., and BUTZEL, CLARK, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.