CHAMBERLAIN *v.* DURFEE.

1. Injunction—Bond—Notice—Statutes.
Injunction issued by circuit court commissioner to restrain action in summary proceedings before justice of peace without exacting bond and without notice to defendants was nullity (3 Comp. Laws 1929, §§ 13702, 13708; Court Rule No. 46, §§ 2, 4 [1931]).

2. Same—Stay of Proceedings.
Circuit judge's indorsement upon wrapper of bill of complaint of order for injunction to stay proceedings for recovery of land after judgment of restitution had been rendered in favor of defendants against plaintiffs, without exacting bond as required by statute, was error (3 Comp. Laws 1929, § 14355).

3. MANDAMUS—INJUNCTION IMPROPERLY ISSUED. ·
   Mandamus will issue to set aside injunction restraining action in
   summary proceedings for recovery of land after judgment of
   restitution had been rendered without exacting bond as re-
   quired by statute (3 Comp. Laws 1929, § 14355).

Appeal from Hillsdale; Parker (James S.), J., presiding. Submitted May 31, 1933. (Calendar No. 37,248.) Decided June 29, 1933.

Bill by Samuel R. Chamberlain and another against Rolland Durfee and another to enjoin summary proceedings. From order granting injunction, defendants appeal (in nature of mandamus). Reversed.

*Merton Fitzpatrick,* for plaintiffs.

*Frank C. Sherman,* for defendants.

BUTZEL, J.   Defendants, Rolland Durfee and wife, residents of the township of Litchfield, Hillsdale county, Michigan, are the owners of a farm of 270 acres, or thereabouts, located within a mile and a half of their home.   Mrs. Durfee is the sister of Samuel R. Chamberlain, who, with his wife, occupy the farm and are plaintiffs herein.   Defendants served a three-months' notice to quit on plaintiffs, and thereafter brought suit before a justice of the peace for Litchfield township to recover possession of their 270-acre farm.   Plaintiffs thereupon began the instant suit to restrain the summary proceedings brought against them.   They allege that Durfee, incapacitated on account of blindness, had required assistance to run the farm; that he and his wife importuned plaintiffs to take charge of the farm and

run it during the lifetime of Chamberlain and his wife and their survivor; that the defendants were to furnish the horses, tractors, and also the tools on the farm as long as they remained serviceable, the tools to be put in first-class condition by them, and the plaintiffs to furnish new tools and equipment when the old ones were worn out; that the profits were to be divided equally between the parties, but that defendants were to pay all necessary hired help and the taxes on the real estate; also that the elderly aunt of Mr. Chamberlain and Mrs. Durfee was to receive $5 a week, and Mrs. Chamberlain was to receive $400 from Mrs. Durfee upon the death of the aunt to pay for looking after her; that above all, plaintiffs were to have an "agreeable * * * peaceful home." The entire agreement as alleged in the bill of complaint was never reduced to writing.

Owing to the illness of the circuit judge, plaintiffs presented their bill of complaint to the circuit court commissioner of Hillsdale county, and sought the issuance of an injunction to restrain defendants from taking any action to remove plaintiffs from the premises. Notwithstanding the fact that the bill of complaint showed that notice to quit had been given and summary proceedings begun, no notice of the application for the injunction was given to defendants, and no bond was exacted of plaintiffs upon the issuance of an injunction by the circuit court commissioner. Defendants for this reason treated the injunction as a nullity, and proceeded to take judgment in the summary proceedings. They also made a motion for a dissolution of the injunction, which was heard by a judge of another county acting in Hillsdale county. He dismissed the injunction, but indorsed on the wrapper of the orig-

inal bill of complaint an order for an injunction in accordance with the prayer of the bill. This was done, however, after his attention was called to the fact that a judgment of restitution had been rendered in favor of defendants against plaintiffs. No bond, however, was exacted by him. Mandamus is sought by defendants to order the judge to set aside his order for the issuance of an injunction.

The injunction originally issued by the circuit court commissioner was an absolute nullity, as he had no jurisdiction to issue an injunction restraining an action at law without exacting a bond and without notice to defendants. 3 Comp. Laws 1929, § 13702, authorizes circuit court commissioners to do any act a circuit judge might do "except as herein otherwise provided." Section 13708 provides as follows:

"The Supreme Court shall have power, by general rules, to prescribe any other cases in which circuit court commissioners shall not be authorized to grant any orders in relation to suits, and to prescribe the terms and conditions upon which orders may be granted in any specified class of cases; and also, by order in any particular case to forbid the interference of any such commissioner."

Sections 2 and 4 of Court Rule No. 46 (1931) provide that no injunction to stay proceedings at law shall be granted without reasonable notice to the adverse party, and no injunction shall be granted in any case where no special provision is made by law for security unless a bond is given. The circuit court commissioner could not issue an enforceable injunction unless these two mandatory provisions were observed. In *Lawton* v. *Richardson,* 115 Mich. 12, an injunction was issued without bond to restrain the defendant from proceeding to sell goods under a

writ of attachment. We held the injunction a nullity. The injunction issued by the circuit court commissioner in the instant case is also a nullity. See, also, *In re Briggs,* 178 Mich. 28; *Fletcher Paper Co.* v. *Railway,* 175 Mich. 234; *Quail* v. *Wayne Circuit Judge,* 249 Mich. 425.

The circuit judge also erred in indorsing upon the wrapper of the bill of complaint an order for an injunction without exacting a bond. The law is likewise mandatory that, after verdict, a circuit judge shall not issue an injunction to stay proceedings at law for the recovery of any lands, unless proper bond is given. 3 Comp. Laws 1929, § 14355.

Defendants in a sworn answer deny plaintiffs' charges. They further contend that the bill of complaint fails to show a case for equitable relief; that the alleged agreement cannot rest on parol, and that if plaintiffs are entitled to any relief their sole remedy is an action at law. A determination of these questions is not necessary for decision.

The injunction was improperly issued, and mandamus will issue to set it aside. Defendants will recover costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.