RALPH V. SHELTON, Et. Al., Relators *v.* THE
SECOND JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA, in and for the County
of Washoe, Et Al.

No. 3503

September 25, 1947.

185 P.2d 320.

488

*H. R. Cooke* and *Royal A. Stewart*, both of Reno, for Relators.

*Clarence M. Hawkins*, of Auburn, Calif., and *George E. McKernon*, of Reno, for Respondents.

## OPINION

By the Court, EATHER, C. J.:

This is an original proceeding in prohibition. The petitioner, Ralph V. Shelton, is the president and a director of the Neon Maintenance Corporation, a Nevada corporation; the petitioner, Robert C. Graham, is the vice president and a director of the Neon Maintenance

Corporation. The respondents, William G. Lubeck, R. H. Pecknold and Charles W. Wagner, are stockholders and directors of the Neon Maintenance Corporation. Petitioners own 1,989 shares of the corporation's outstanding 2,500 shares; Lubeck, Pecknold, and Wagner own an aggregate of 511 shares. Respondent H. R. Pecknold was appointed receiver of the corporation by the respondent Hon. A. J. Maestretti, district judge of the Second judicial district court by order dated August 16, 1947, upon the furnishing of a fidelity bond, the amount of which was left blank in the order.

The following are all the facts shown upon the hearing of this cause which we deem necessary for a consideration of the legal questions presented.

On Saturday, August 16, 1947, at 12:36 p. m., a complaint was filed in the Second judicial district court by the respondents, William G. Lubeck, H. R. Pecknold, and Charles W. Wagner, as plaintiffs, against the relators, together with S. S. Rossman, and R. V. Geaney, as defendants. The complaint alleged inter alia that the assets of the corporation had been wasted and misappropriated and were in danger of future waste and misappropriation by the individual defendants in the court below; that the defendant Shelton held stock control of the corporation; that the corporation had conducted a successful business and had earned large sums of money; that at all times since the organization of the corporation Shelton, Graham, and the remaining personal defendants in the court below had been in active control of the finances, books, records, and seal of the corporation; that dissention and discord existed among the stockholders of the corporation and within the board of directors by reason of the alleged misconduct of the individual defendants; that properly managed the corporation had been and would be a successful business corporation and that the receiver should be permitted to control the business. The complaint did not allege that the corporation was insolvent or had suspended business or that business was being conducted at a great loss.

The prayer of the complaint was for an injunction to prohibit the control and operation of the corporation by the relators and other defendants below; to require them to deliver to the receiver all the funds, goods, wares, merchandise, and property of every kind and character belonging to the corporation; for the appointment of a receiver and for an accounting between the corporation and the relators.

An unverified answer signed by John Alfred Beyer, as attorney for the corporation admitting all of the allegations of the complaint on behalf of all the defendants in the court below, was filed concurrently with the filing of the complaint, and at 12: 46 p. m. On August 16, 1947, the order of the Hon. A. J. Maestretti was filed in the lower court.

This order purports to appoint R. H. Pecknold, one of the respondents, receiver of the property, assets, and records of the corporation and to authorize the receiver to conduct and carry on the business of the corporation. The order further enjoins and restrains the president, officers, and agents of the corporation from interfering with the property and assets of the corporation, and directs them to turn over to the receiver all books of accounts, property and assets of the corporation. The order further provided that before entering upon the discharge of his duties, the receiver should execute and file with the clerk of Washoe County a bond to the people of the State of Nevada in the sum of —— dollars with sureties to be approved by the court. The amount of the bond was subsequently fixed at $5,000.

At the time of the issuance of the order none of the relators had been served with process or notice of any kind. On Monday, the 18th of August, 1947, after securing an order from the lower court shortening the time within which the motion might be heard, the relators and other defendants below moved the court for an order vacating and setting aside the previous order appointing the receiver and vacating and setting aside the injunction upon the grounds that the order was made without

notice; that it appeared to be permanent instead of temporary; that the order was made without first requiring a bond of indemnity from the respondents, and that the order was made without allowing the relators and other defendants below an opportunity to appear and defend, and that the answer was filed without authority.

After argument the Hon. A. J. Maestretti, district judge, denied the motion and fixed the amount of the receiver's bond at $5,000. On the same day, August 18, 1947, the relators applied to this court for a writ of prohibition, and before the receiver undertook his duties, the alternative writ was issued.

Relators contend that the issuance of the injunction and restraining order was without notice or hearing and without requiring a bond of indemnity, and that the appointment of a receiver was without notice or hearing; that the order exceeded the jurisdiction of the lower court, and that prohibition is the only adequate remedy.

Respondents admit a lack of notice and opportunity for hearing so far as the individual relators are concerned, but contend that notice to the corporation only was required; that the corporation voluntarily appeared and confessed the allegations of the complaint and that the lower court having jurisdiction of the subject matter and of the corporation, had jurisdiction to enter the order referred to herein, and that prohibition being an extraordinary remedy is not available to the relators under all the facts and circumstances of this case.

The subject of stockholders' actions against a corporation for receivership has been the subject of statutory enactment by the legislature. N.C.L. 1929, sec. 1645, provides for such appointment, "Whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, or if its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, * * *." N.C.L. 1931–1941 Supp. sec. 1648.01 provides for the appointment of a receiver and

injunction to restrain the corporation from exercising any of its powers or doing any business whatsoever, except by and through the receiver, whenever, among other things, "Its * * * directors have been guilty of fraud or collusion or gross mismanagement in the conduct or control of its affairs, or misfeasance, malfeasance, * * *."

The complaint in the lower court lacks allegations essential to place the action within the provisions of sec. 1648.01, N.C.L. 1929, 1931–1941 Supp. The latter statute enacted during the 1941 session of the legislature contains the clause, "such court may, if good cause exist therefor, appoint one or more receivers for such purpose, *but in all cases directors or trustees who have been guilty of no negligence nor active breach of duty shall have the right to be preferred in making such appointment. * * *"* (Italics supplied.)

No similar provision is contained in N.C.L. 1929, secs. 1645 and 1646, under which this court decided International Life Underwriters, Inc. v. Second Judicial District Court, 61 Nev. 42, 113 P.2d 616, 115 P.2d 932. This clause is the same as that contained in the general corporation law. Statutes of 1903, p. 155 c. 88, sec. 1786, N.C.L. 1929, which this court considered in Golden v. Averill, 31 Nev. 250, 101 P. 1021, 1026. Construing the requirements of this provision, this court said: "We think, however, that the directors are necessary parties. * * * It would seem to be the purpose of the statute to have the affairs of the corporation wound up by the same persons who had constituted its board of directors, and who were familiar with its affairs, and who were intrusted therewith by the stockholders, provided they were guilty of no negligence or breach of duty. The court certainly would have no authority to find they were so guilty, without having jurisdiction of their persons."

■ The relators Shelton and Graham as directors of the corporation had a preferential right to be appointed receiver, so that notice of the application and an opportunity to be heard upon their qualifications was essential

to the validity of the order appointing a receiver.  Golden v. Averill, supra.

■ On the record before us it is conceded that the answer filed by the attorney, John Alfred Beyer, was inadvertently filed without any authority from the individual relators; grave doubts also exist as to his authority to file an answer confessing judgment on behalf of the corporation.  The return disclosed that the authority of Beyer to act for the corporation is predicated upon authority granted at an alleged special meeting of the board of directors held on August 6, 1947.  Conceding that the allegations of respondents are true; that the board consisted of five members; that, as alleged in respondents' complaint in the lower court, relators Shelton and Graham were directors and as shown by exhibit 1, attached to the separate return of respondents Lubeck and Pecknold and Wagner, they were the remaining directors; the respondents still fail to deny the allegations of paragraph VIII of relators' verified complaint for a writ of prohibition, "that the relators, Shelton and Graham, received no notice of any purported meeting of the Board of Directors subsequent to May 14, 1947."

■ A special meeting of directors in the absence of some directors not notified is illegal, and action invalid unless ratified.  Defanti v. Allen Clark Co., 45 Nev. 120, 198 P. 549; 19 C.J.S., Corporations, sec. 747, pages 88, 89.

■ That the authority of an attorney to appear and confess judgment may be questioned in an original proceeding for a writ of prohibition in connection with the judgment or order entered pursuant to such appearance, has heretofore been established by this court in concurring opinion of Justice TALBOT in Golden v. Averill, supra.  Also, see, 7 C.J.S., Attorney and Client, sec. 74, page 882; 6 C.J.S., Arrest, sec. 25, page 631; 7 C.J.S., Attorney and Client, sec. 63, page 847; 19 C.J.S., Corporations, sec. 1454 and note 94, page 1159, citing cases.

■ With further respect to notice of the application for a receivership, the statute, sec. 1648.01, N.C.L. 1931–1941 Supp., provides:  "* * * It shall be sufficient for

a *temporary appointment* (italics supplied) if notice of the same be given to the corporation alone * * * and the hearing thereon may be had after five days' notice unless the court shall direct a longer or different notice. * * *"

We believe it is sufficient to say that the order does not appear or purport to be temporary; that notice to the relators as directors was required but not given and that notice to the corporation was likewise lacking.

■ Where the statute provides for the appointment of receivers, the statutory requirements must be met or the appointment is void and in excess of jurisdiction. Tardy's Smith on Receivers, vol. 2, 1974 et seq.; Golden v. Averill, supra; 45 Amer.Jur. 99, para. 117; 14A C.J. sec. 3199, page 970; 19 C.J.S., Corporations, sec. 1480; Larsen v. Winder, 14 Wash. 109, 44 P. 123, 53 Am.St.Rep. 864; Gordon et al. v. Pacific Excursion Co., 107 Wash. 628, 182 P. 591; vol. 16, Fletcher on Corporations, p. 68, para. 7685.

■ The order of the lower court was in excess of jurisdiction in still another respect. N.C.L. 1929, sec. 8696 provides: "On granting an injunction, or a restraining order, the court or judge must require * * * a written undertaking on the part of the plaintiff, with sufficient sureties, to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount specified, as such party may sustain by reason of the injunction, if the court finally decide that the plaintiff is not entitled thereto. * * *"

An examination of the record before us discloses that the order of the lower court enjoining the relators failed to require the bond mentioned in this section. Where a bond is required by statute before the issuance of an injunction, it must be exacted or the order will be absolutely void. 43 C.J.S., Injunctions, sec. 166, page 791; Maier v. Luce, 61 Cal.App. 552, 215 P. 399, 402; MacWatters v. Stockslager, 29 Idaho 803, 162 P. 671, 672; Western Academy of Beaux Arts v. De Bit, 101

Wash. 42, 171 P. 1036, 1037; Chamberlain et ux. v. Durfee et ux., 264 Mich. 194, 249 N.W. 486; Wiles et al. v. Northern Star Mining Co. et al., 13 Idaho 326, 89 P. 1053; Price v. Grice, 10 Idaho 443, 79 P. 387; McCracken v. Harris et al., 54 Cal. 81, 83.

■ Respondents urge that Lubeck, Pecknold, and Wagner were improperly joined as respondents in this proceeding for the purpose of annoying, harassing, and financially obligating them. With this contention we cannot agree. All were parties plaintiff in the district court actions; the burden of defending the validity of the lower court's order made at their request logically falls upon them to a greater degree than it does upon the lower court. As adverse parties they are all proper parties respondent here. Hirsh v. Twyford, 40 Okl. 220, 139 P. 313.

■ Respondent Pecknold was a receiver appointed by the lower court. The writ properly runs against an officer as incident to the prohibition laid upon the court. Gordon v. District Court, 36 Nev. 1, 131 P. 134, 44 L.R.A.,N.S., 1078; 42 Amer.Juris. 150, para. 11.

■ In the absence of notice and opportunity for hearing required by statute before appointing a receiver and upon the failure to require a bond of indemnity for the plaintiff before issuing the injunction, as required by statute, the lower court disregarded the restrictions imposed by statute, and prohibition is an available remedy. Walser v. Moran, 42 Nev. 111, 173 P. 1149, 180 P. 492; Golden v. Averill, supra; State v. Wildes, 34 Nev. 94, 116 P. 595, 599.

■ Prohibition is, however, an extraordinary remedy and will not be granted to correct errors or irregularities in the exercise of authority inherent in a court (Walser v. Moran, supra), where the remedy by appeal is adequate. 42 Amer.Juris. 144, para. 8; and it will only issue in cases of great necessity or urgency. International Life Underwriters v. Second Judicial District Court, supra.

■ In this case the remedy by appeal, if open to the relators at all, would probably have first required the relators to secure an order striking the unauthorized answer from the files, as well as to file other pleadings, etc., during which time the receiver would have been in possession without a bond of indemnity.

The corporation is a business corporation and not alleged to be insolvent or in any financial difficulty whatever. To allow shareholders holding a bare 10 percent of the stock to procure the appointment of one of their members as receiver without notice to the directors, or the corporation, and without bond, constitutes a disregard of the statute and minimum constitutional requirements, which under all the circumstances, in our opinion, justifies the issuance of a writ of prohibition.

It is ordered that a peremptory writ of prohibition issue commanding the respondent court and receiver to desist and refrain from any further proceedings in civil action No. 112448, without first allowing the relators to file an answer in said proceedings and to offer evidence in their behalf; and to vacate the order of August 16, 1947, appointing the receiver and enjoining the relators.