THE STATE OF NEVADA on the Relation of MAURICE H. FRIEDMAN, Relator, *v.* THE EIGHTH JUDICIAL DISTRICT COURT of the State of Nevada, in and for the County of Clark, and the HONORABLE JOHN MOW-BRAY, Judge of Department 3 Thereof, Respondents.

No. 4884

March 8, 1965

399 P.2d 632

*Lionel & Gunderson* and *Jerome Snyder,* and *Coulthard & Smith,* of Las Vegas, and *Joseph A. Ball,* of Long Beach, California, for Realtor.

*Jones, Wiener and Jones* of Las Vegas, and *Frank C. Aldrich,* of Long Beach, California, for Respondents.

# OPINION

By the Court, THOMPSON, J.:

This is an original proceeding for a writ of certiorari or, in the alternative, prohibition: certiorari to declare void a temporary restraining order issued by the district court as having been entered in excess of that court's jurisdiction; and prohibition to stop further possible proceedings based on that temporary restraining order. We have concluded that the relief sought should be granted.

On February 26, 1965, the lower court having jurisdiction of the subject matter and the parties in Case No. 116623 entitled, "Stanley S. Leeds, Plaintiff, vs. Maurice H. Friedman, Irving J. Leff, B. Frank Williams, individually and jointly as joint adventurers, Hotel Last Frontier Corporation, a Nevada corporation, et al.," after notice and hearing, issued a temporary restraining order which purported to restrain the defendants and each of them from proceeding with the trial of a California action brought by Friedman, et al., against Leeds (Case No. 826676–Superior Court, Los Angeles County). The temporary restraining order was not conditioned upon the giving of security (NRCP 65(c)), nor did the order specify the reasons for its issuance (NR-CP 65(d)).[1] Because of these defects, Friedman on

---

[1] NRCP 65(c) reads, "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the State or of an officer or agency thereof. * * * ."

NRCP 65(d) reads, "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance;

March 2, 1965, filed the instant proceeding with this court, contending that the temporary restraining order was, and is, absolutely void. Nevada authority sustains his position. Shelton v. District Court, 64 Nev. 487, 185 P.2d 320, decided under NCL 8696, and holding that "where a bond is required by statute before the issuance of an injunction, it must be exacted or the order will be absolutely void."; Culinary Workers v. Court, 66 Nev. 166, 207 P.2d 990, also under NCL 8696. Though the Shelton and Culinary Workers cases were decided with reference to NCL 8696, we believe them equally applicable to a proceeding for a temporary restraining order under NRCP 65 (c).[2]

One day before our scheduled hearing of this matter, Leeds, the plaintiff below who had secured the void temporary restraining order, obtained, ex parte, an "amended restraining order," requiring a $1,000 bond, and setting forth in detail the reasons for its issuance. He therefore contends that the fatal defects of the original restraining order no longer exist, and that the issues raised by the instant proceeding are rendered

shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

[2]NCL 8696 reads, "On granting an injunction, or a restraining order, the court or judge must require, except when the state, a county, or municipal corporation, or a married woman in a suit against her husband, is a party plaintiff, a written undertaking on the part of the plaintiff, with sufficient sureties, to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount specified, as such party may sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto. * * * "

NRCP 65(c) reads, "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the State or of an officer or agency thereof. * * * "

moot by reason of the amended restraining order. We do not agree. Cf. Culinary Workers v. Court, 66 Nev. 166, 207 P.2d 990, where, inter alia, the court stated, "The law requires that the bond be filed before the order is made, and the fact that the bond was procured about the time the order was issued and was later filed under a nunc pro tunc order does not cure the defect."[3] It is, of course, permissible to obtain a temporary restraining order without notice under NRCP 65 if the conditions therefor are met. There must be a showing by affidavit or verified complaint "that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon," and in addition, the rule contemplates that a motion for a preliminary injunction shall accompany the application for a restraining order if the latter is issued ex parte. The circumstances under which the "amended restraining order" was issued, do not meet the mandate of the rule. It was not accompanied by a motion for a preliminary injunction, nor was there a separate showing to authorize its entry without notice. A restraining order, which is absolutely void, does not become legally effective by simply securing an amended order, ex parte, which purports to cure the fatal defects of the original.[4] Accordingly, the temporary restraining order of February 26, 1965, and the amended restraining order of March 4, 1965, must be vacated. It is so ordered.

BADT, J., concurs.

This matter was heard by two justices only, due to the hospitalization of CHIEF JUSTICE MCNAMEE.

---

[3]If the amended restraining order was intended to be a nunc pro tunc order, it was not authorized, for a nunc pro tunc order may not be used to supply omitted action. Finley v. Finley, 65 Nev. 113, 189 P.2d 334.

[4]Labbit v. Bunston, 80 Mont. 293, 260 P. 727 (1927) ; Nottebaum v. Leckie, 3 Cir., 31 F.2d 556.