THE STATE OF NEVADA, ON THE RELATION OF DAVE HERSH AND DAVE BARNETT, APPLICANTS AND RELATORS, v. FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ORMSBY, AND THE HONORABLE RICHARD L. WATERS, JUDGE, RESPONDENTS.

No. 5964

February 2, 1970                    464 P.2d 783

*Laxalt & Berry,* of Carson City, for Applicants and Relators.

*Martillaro and Bucchianeri, Crowell and Crowell,* and *Ross and Crow,* of Carson City, for Respondents.

**OPINION**

By the Court, BATJER, J.:

On May 29, 1969, Irma Joyce Dwight filed her complaint against Meadow Valley Ranchos, a Nevada corporation, asserting that she was the owner of at least one-tenth of the issued and outstanding capital stock of that corporation, and that the officers, directors and other stockholders thereof were guilty of fraud, *ultra vires acts,* conspiracy, subterfuge, unlawful acts, charter violations, misfeasance, malfeasance or nonfeasance and prayed for the appointment of a temporary receiver, the appointment of a receiver and an injunction restraining the corporation from exercising its powers or doing business. An order was entered by respondent court directing the corporation to show cause why the prayer of the complaint should not be granted. The complaint and summons, as well as the order to show cause, were served on the resident agent of the corporation at Carson City, Nevada, on May 31, 1969.

Upon the motion of counsel for the corporation, the scheduled hearing on the show cause order was continued from June 9, 1969, until June 13, 1969, and was finally concluded on June 17, 1969. On that same date the corporation, through its counsel, moved to dismiss the complaint for failure to join the

directors and stockholders of Meadow Valley Ranchos as indispensable parties.

The respondent court denied that motion, then entered its order appointing a temporary receiver and granting a temporary restraining order and injunction against the president, officers, agents and servants of the corporation.

The relators who claim to be directors of the corporation have never made an appearance in district court, nor filed a motion or other pleadings with that court requesting their appointment as a temporary receiver or temporary receivers, nor have they moved to have the temporary receiver removed. Nevertheless, they have applied to this court for a writ of prohibition upon the grounds that the trial court was without jurisdiction to appoint a temporary receiver and grant a temporary restraining order because the relators had not received notice of the hearing and were denied an opportunity to be heard. The relators further complain that they were not named as parties; that the temporary restraining order and injunction were issued without bond in contravention of NRCP 65(c); that there was insufficient evidence of insolvency or mismanagement to warrant the appointment of a temporary receiver; that they were deprived of property and valuable rights without due process of law; that the respondent court acted in an unconstitutional manner; and that they were denied their statutory right to be appointed to the position of temporary receiver. An alternative writ of prohibition was granted by this court pending a hearing and decision on these issues.

Before the hearing in district court, counsel for the corporation requested that the plaintiff post a nonresident bond pursuant to NRS 18.130(1). Cash in the statutory sum of $300 was posted by the plaintiff, Irma Joyce Dwight. When the district court entered its order granting a temporary restraining order it directed that this money which had been posted as a nonresident bond be the only security necessary to meet the requirements of NRCP 65(c).[1] This order was entirely improper because the bond once posted under NRS 18.130(1) must

---

[1]NRCP 65(c) reads: "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the State or of an officer or agency thereof.

"A surety upon a bond or undertaking under this rule submits himself to the jurisdiction of the court and irrevocably appoints the clerk of the court as his agent upon whom any papers affecting his liability on

remain for the defendant's benefit until the action is dismissed or judgment is entered.

The granting of a temporary restraining order without a proper bond is a nullity. That part of the order of the trial court filed on June 19, 1969, granting a temporary restraining order is void, and that part of the alternative writ concerning the temporary restraining order and injunction is made permanent. Shelton v. Second Judicial Dist. Court, 64 Nev. 487, 185 P.2d 320 (1947); State v. Eighth Judicial District Court, 81 Nev. 131, 399 P.2d 632 (1965); Brunzell Constr. v. Harrah's Club, 81 Nev. 414, 404 P.2d 902 (1965). However, this finding that the temporary restraining order and injunction are void should not be interpreted as precluding a temporary receiver, receiver or other interested party from hereafter petitioning the district court, during progress of this case, for a temporary restraining order and injunction.

We turn now to examine the order appointing a temporary receiver. The creation of a receivership must be conducted as smoothly and expeditiously as possible. Unless a temporary receiver can be appointed to take control of assets and preserve the property, the mischief complained of might well cause their dissipation before a hearing can be held on the merits to determine if a permanent receiver should be appointed. The legislature has recognized the problems that may result from long delays and has provided a method in NRS 78.650[2] for the appointment of a temporary receiver. We find the enactment of

the bond or undertaking may be served. His liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court who shall forthwith mail copies to the persons giving the security if their addresses are known."

[2]NRS 78.650 reads: "1. Any holder or holders of one-tenth of the issued and outstanding capital stock may apply to the district court, held in the district where the corporation has its principal place of business, for an order dissolving the corporation and appointing a receiver to wind up its affairs, and by injunction restrain the corporation from exercising any of its powers or doing business whatsoever, except by and through a receiver appointed by the court, whenever:

"(a) The corporation has willfully violated its charter; or

"(b) Its trustees or directors have been guilty of fraud or collusion or gross mismanagement in the conduct or control of its affairs; or

"(c) Its trustees or directors have been guilty of misfeasance, malfeasance or nonfeasance; or

"(d) The corporation shall be unable to conduct the business or

NRS 78.650 to be a constitutional exercise of legislative prerogative and that its provisions meet the basic requirements of notice and an opportunity to be heard as required by the mandate of due process.

The relators attack the service of the order to show cause upon the basis that no attempt was made to personally serve them or the other officers of the corporation, other than the resident agent. Neither NRS 78.650 nor NRCP 4(d)(1) require an attempt to serve other officers where service is made upon the resident agent. Rever v. Lapidus, 151 So.2d 61 (Fla. 1963). Here NRS 78.650(3) specifically provides that it shall be sufficient for the purposes of a temporary appointment if notice is given to the corporation alone.

Notwithstanding NRS 78.650(3) the relators contend that, as directors, they are indispensable parties to this litigation,

---

conserve its assets by reason of the act, neglect or refusal to function of any of the directors or trustees; or

"(e) The assets of the corporation are in danger of waste, sacrifice or loss through attachment, foreclosure, litigation or otherwise; or

"(f) The corporation has abandoned its business; or

"(g) The corporation has not proceeded diligently to wind up its affairs, or to distribute its assets in a reasonable time; or

"(h) The corporation has become insolvent; or

"(i) The corporation, although not insolvent, is for any cause not able to pay its debts or other obligation as they mature; or

"(j) The corporation is not about to resume its business with safety to the public.

"2. The application may be for the appointment of a receiver, without at the same time applying for the dissolution of the corporation, and notwithstanding the absence, if any there be, of any action or other proceeding in the premises pending in such court.

"3. In any such application for a receivership, it shall be sufficient for a temporary appointment if notice of the same be given to the corporation alone by process as in the case of an application for a temporary restraining order or injunction, and the hearing thereon may be had after 5 days' notice unless the court shall direct a longer or different notice and different parties.

"4. The court may, if good cause exists therefor, appoint one or more receivers for such purpose, but in all cases directors or trustees who have been guilty of no negligence nor active breach of duty shall have the right to be preferred in making the appointment, and the court may at any time for sufficient cause make a decree terminating the receivership, or dissolving the corporation and terminating its existence, or both, as may be proper.

"5. Receivers so appointed shall have, among the usual powers, all the functions, powers, tenure and duties to be exercised under the direction of the court as are conferred on receivers and as provided in NRS 78.635, 78.640 and 78.645, whether the corporation shall be insolvent or not."

must be named as defendants and served with process by reason of case decision in this state. We are referred to the cases of Golden v. District Court, 31 Nev. 250, 101 P. 1021 (1909), and Shelton v. District Court, 64 Nev. 487, 185 P.2d 320 (1947). Neither case concerned the appointment of a temporary receiver and to that extent do not touch the precise issue confronting us in this case. Those cases, however, do have relevancy to the appointment of a permanent receiver. Should the receivership proceeding progress to a trial upon the merits to determine the need for a permanent receiver, then, in such event, the holding of *Golden* and *Shelton,* supra, with regard to indispensable parties and notice will become significant and should be respected. Presumably the district court, at a proper time, will allow appropriate amendments to enable the accomplishment of that objective.

The relators complain that the temporary restraining order permanently restrained them from interfering with the duties of the receiver because of the wording in the order ". . . until the further order of the court." Although this contention is not well taken it is rendered moot by our declaration that the temporary restraining order and injunction are void.

The relators contention that the net effect of the respondents' actions placed Meadow Valley Ranchos into a permanent receivership is not supported by the record. The district court simply followed the legislative directive found in NRS 78.650(5).

The record reveals that there was sufficient evidence to support the district court's finding that the officers and directors of Meadow Valley Ranchos have been guilty of gross mismanagement in the conduct or control of its affairs or have been guilty of malfeasance.

All other conclusions and allegations of the relators are entirely without merit and are dismissed.

We find that the statutory provisions were met and due process was afforded for the appointment of a temporary receiver. That part of the district court's order appointing a temporary receiver is valid and as to that part of the order the alternate writ of prohibition was improvidently given. That portion of the petition for a temporary writ, in this action, concerning the appointment of a temporary receiver, is dismissed and that part of the alternative writ quashed.

The bond in the amount of $100,000 heretofore posted with

this court by the relators, upon their offer for the use and benefit of Irma Joyce Linnick Dwight, for any damages sustained by her as a result of the issuance of the alternate writ, is hereby transferred to the Clerk of the First Judicial District Court in and for Carson City, upon the date that this opinion becomes effective, to be held by him until the further order of the district court. Damages, if any, are to be limited to those occasioned by this proceeding seeking a writ of prohibition.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.