An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CORPOLO AVENUE TRUST; TEAL PETALS STREET TRUST; RESOURCES GROUP, LLC; AND IYAD HADDAD, AN INDIVIDUAL,<br>Appellants,<br>vs.<br>FAISSAL L. AHMEAD,<br>Respondent. | No. 63264 ✔<br><br>**FILED**<br><br>JAN 2 6 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |
| FAISSAL AHMEAD,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE DOUGLAS SMITH, DISTRICT JUDGE,<br>Respondents,<br>and<br>CORPOLO AVENUE TRUST; TEAL PETALS STREET TRUST; RESOURCES GROUP, LLC; SOUTHERN HIGHLANDS HOME OWNERS ASSOCIATION, A DOMESTIC NON-PROFIT COOP CORPORATION; ALESSI & KOENIG, LLC, A DOMESTIC LLC; AND IYAD HADDAD, AN INDIVIDUAL,<br>Real Parties in Interest. | No. 67264 |

*ORDER OF REVERSAL AND REMAND, DENYING PETITION FOR WRIT OF MANDAMUS, AND DENYING MOTION FOR STAY*

This is an appeal from a district court order granting a preliminary injunction in a wrongful foreclosure and quiet title action and an original petition for a writ of mandamus challenging a subsequent district court order requiring petitioner to pay rent in lieu of posting a bond as a condition for obtaining continued injunctive relief.

Having considered the parties' arguments and the record on appeal in Docket No. 63264, we conclude that the district court erred in

15-02750

granting a preliminary injunction without requiring respondent to post a bond. *See Dangberg Holdings Nev. L.L.C. v. Douglas Cnty.*, 115 Nev. 129, 144-45, 978 P.2d 311, 320-21 (1999) ("We have previously held that the district court's failure to require the applicant to post security voids an order imposing a preliminary injunction."); *Strickland v. Griz Corp.*, 92 Nev. 322, 323, 549 P.2d 1406, 1407 (1976) ("'Where a bond is required by statute before the issuance of an injunction, it must be exacted or the order will be absolutely void.'" (quoting *Shelton v. Second Judicial Dist. Court*, 64 Nev. 487, 494, 185 P.2d 320, 323-24 (1947))). Accordingly, we reverse the district court's order granting preliminary injunctive relief.

In light of our disposition in Docket No. 63264, we are not persuaded that our intervention is warranted with respect to the writ petition filed in Docket No. 67264. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (recognizing that it is the petitioner's burden to demonstrate that this court's extraordinary intervention is warranted). Accordingly, we deny the writ petition in Docket No. 67264.[1]

It is so ORDERED.

_____
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[1]In light of our resolution of the writ petition, petitioner's January 23, 2015, emergency stay motion is denied.

cc:     Hon. Douglas Smith, District Judge
        Persi J. Mishel, Settlement Judge
        Law Offices of Michael F. Bohn, Ltd.
        Anthony A. Zmaila Limited PLLC
        Robert P. Bettinger
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A